586 A.2d 1047

**Hazel MOORE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (INTER-NATIONAL SERVICE SYSTEM), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 19, 1990.

Decided Feb. 13, 1991.

Larry Pitt, Larry Pitt and Associates, Philadelphia, for petitioner.

Stephen J. Harlen, Swartz, Campbell & Detweiler, Philadelphia, for respondent.

Before DOYLE and BYER, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

This is a petition for review filed by Hazel Moore (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision granting

the suspension petition of International Service System (Employer).

Claimant had been employed as a janitorial worker. While at work on September 11, 1985, she sustained injuries to her back when she attempted to lift a full trash can and she received workmen's compensation benefits for total disability.[1] On June 15, 1987, Employer filed a suspension and/or modification petition alleging that Claimant was able to return to work, as of April 28, 1987, to a sedentary job. Employer also requested a supersedeas.

The referee made the following pertinent findings after hearing the testimony of Dr. Sanford H. Davne (Employer's expert), Dr. Felix Spector (Claimant's personal physician), Claimant, and Debra A. Trageser (a vocational rehabilitation worker):

2. On June 15, 1987, Defendant filed a Petition requesting a Suspension or Modification as of April 28, 1987, requesting a supersedeas.

3. On December 30, 1987, this Referee granted a Partial supersedeas as of November 10, 1987, reducing Claimant's benefits to $90.76 a week based upon an earning power of $67.00 per week and a loss of earnings of $130.13 a week.

4. The Referee has reviewed the testimony of Dr. Sanford H. Davne, and accepts it as credible. Dr. Davne's expert medical opinion that after examining the Claimant on multiple occasions, initially on October 17, 1985, and lastly on March 13, 1987, [he] diagnosed Claimant's condition as degenerative intervertebral disk disease which improved to the point where on March 13, 1987, Claimant was capable of performing sedentary work.

5. The Referee finds that Dr. Davne cleared Claimant for sedentary positions submitted to him by Defendant.

6. The Referee rejects the expert medical testimony of Dr. Felix Spector, who testified that as of his last examination of Claimant, May 12, 1988, Claimant was not

1. *See generally* The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

capable of performing any type of regular, gainful employment that would involve the areas that were injured during her September 11, 1985 back injury.

7. The Referee has reviewed and accepts as credible the expert vocational testimony of Debra A. Trageser, and finds that Claimant had medical clearance for the sedentary jobs made available to her by Ms. Trageser, that Claimant was contacted concerning the sedentary jobs and that Claimant did not respond in good faith.

8. The Referee rejects Claimant's testimony that she is unable to perform any kind of sedentary job.

9. The Referee finds that Claimant was offered full time employment within her capabilities *but is only capable of performing part-time employment* for twenty (20) hours a week at a minimum wage or $67.00 per week earning power as of March 13, 1987. (Emphasis added.)

▮▮▮ The referee then went on, *inter alia*, to grant Employer's petition by a modification of benefits and directed Employer to pay partial disability benefits as of March 13, 1987, the date Claimant was capable of performing sedentary work. These partial disability benefits were based on an earning capacity for a twenty-hour week[2]

**2.** One of the directions in the referee's order was that Employer was "to be given credit for over-payment for a period from March 13, 1987 to November 10, 1987." This was clearly in error. Although the issue is now moot, we will address it because it may reoccur.

First, pursuant to Section 443(a) of the Act, 77 P.S. § 999, an employer can recover from the supersedeas fund only compensation which was paid after the petition for a supersedeas had been filed, in this case after June 15, 1987. There is no provision in the act which would allow an employer to recover, retroactively, payments made prior to the filing of a petition for a supersedeas. Therefore, the referee erred when he ordered a retroactive recoupment from March 13, 1987. *See Department of Labor and Industry v. Workmen's Compensation Appeal Board*, 34 Pa.Commonwealth Ct. 265, 383 A.2d 261 (1978).

Second, the referee erred when he ordered a credit against future compensation rather than a recoupment from the supersedeas fund. *See Rogers v. Workmen's Compensation Appeal Board (Strouse/Greenberg & Co.)*, 129 Pa.Commonwealth Ct. 230, 565 A.2d 209 (1989). There are only a few circumstances when an employer is permitted to recoup directly from the claimant; for example, when equity demands restitution due to a clerical error, *Fahringer, McCarty & Grey*

which in turn was predicated on his determination that Claimant could only work a twenty hour week. The Board affirmed that decision based on the prerogative of the referee to make credibility determinations, and on the law as found in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). In *Kachinski* the Supreme Court of Pennsylvania set forth the criteria regarding the burden of proof for modification of benefits, and delineated the obligation of both the employer and the claimant to engage in the process of finding work for the claimant which he or she can perform in spite of his or her injury. The general principle of law is one of mutual obligation and common sense.

 The specific issue now before us in this case is whether Employer presented substantial evidence of having made available to Claimant the type of work that Claimant could perform. If an employer fails to do so, he does not fulfill his obligation under The Pennsylvania Workmen's Compensation Act, *see Celio v. Workmen's Compensation Appeal Board (Canonsburg General Hospital)*, 109 Pa. Commonwealth Ct. 442, 531 A.2d 552 (1987), *petition for allowance of appeal denied*, 518 Pa. 628, 541 A.2d 1139 (1988) (burden is on the employer to show that specialized employment is available because such availability cannot be presumed, and, if the employer fails in this burden, a finding of total disability must result). The issue here is unique because of the referee's finding of fact # 9 that Claimant was offered full-time employment "within her capabilities" [we assume a lighter duty job as asserted by Employer's medical expert], "but is only capable of per-

Inc. v. Workmen's Compensation Appeal Board (Green), 107 Pa.Commonwealth Ct. 597, 529 A.2d 56 (1987), when an employee is totally disabled and the employer pays informal voluntary compensation in lieu of workmen's compensation, see NUS Corp. v. Workmen's Compensation Appeal Board, 119 Pa.Commonwealth Ct. 385, 547 A.2d 806 (1988) (explaining the "in lieu of workmen's compensation" term in Section 315 of the Act, 77 Pa.C.S. § 602), or where the employer has already paid the compensation that is due and a credit is allowed to prevent a double recovery, see General v. E. Roseman Co., 21 Pa.Commonwealth Ct. 72, 343 A.2d 683 (1975).

forming part-time employment for twenty (20) hours." We have diligently searched the entire record and nowhere is there any evidence that any work, *other than for a full-time position*, was found or offered to Claimant.

Because the testimony of Dr. Davne and Ms. Trageser, which the referee found to be credible, referred only to full-time positions—and the referee found Claimant capable of working only part-time—we can only assume that the referee and Board decided that the availability of a full-time position subsumes the availability of a part-time position. We hold, however, that such an assumption is without either a factual or a legal foundation. An employer's need for a full-time employee does not in any way imply that such an employer would be willing to accept an employee who could only work some part of the time required to fill the vacant full-time position. The truth of such a statement is obvious; we cannot presume that an employer would hire and train two persons, each to work four hours per day, in place of one new employee who would work eight hours each day.

We thus conclude that the Board was correct in applying *Kachinski* as controlling law in a modification of benefits case; however, the Board erred in finding that Employer fulfilled the requirement of *Kachinski* to produce evidence of a job referral that fit Claimant's capabilities. *See Celio.* The referee found that Claimant was capable of performing only part-time work, and because we can find no evidence at all on the record of the availability of a part-time position being offered, we reverse the order of the Board and reinstate Claimant's benefits for total disability.[3]

## ORDER

NOW, February 13, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter

---

**3.** Employer states on pp. 12 and 13 of its brief that it presented evidence of both full-time and part-time positions. We have read the job analysis form and job referral forms upon which Employer relies and find them to be completely devoid of evidence of part-time positions. We look with disfavor upon the contrary assertions in Employer's brief.

is hereby reversed as to the modification of benefits, but affirmed as to the obligation of Employer to pay all of Claimant's necessary reasonable medical expenses and litigation costs as found by the referee. This case is remanded for reinstatement of full benefits to Claimant.

Jurisdiction relinquished.