**WAUSAU INSURANCE COMPANIES,**
**Petitioner**

v.

**WORKERS' COMPENSATION AP-PEAL BOARD (COMMONWEALTH of Pennsylvania), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 4, 2003.
Decided May 13, 2003.

Robert F. O'Donnell, Philadelphia, for petitioner.

Thomas P. Howell, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY SENIOR JUDGE KELLEY.

Wausau Insurance Companies (Wausau) petition for review of an order of the Workers' Compensation Appeal Board (Board) which affirmed the Workers' Compensation Judge's (WCJ) order granting Wausau's application for supersedeas fund reimbursement and directing the Bureau of Workers' Compensation to reimburse Wausau for an overpayment of compensation paid during the period of September 9, 1992 to June 18, 1997. The issue presented for our review is whether, in the context of a disputed claim petition, the Board erred in holding that Wausau is entitled to supersedeas fund reimbursement only from the date Wausau filed its request for supersedeas instead of from the date compensation was found not to be payable.

On September 11, 1997, Wausau filed an application for supersedeas fund reimbursement seeking $56,092.95 for overpayment of compensation from April 19, 1989 through December 3, 1992. The Bureau filed an answer to the application denying

Wausau's entitlement to reimbursement from the supersedeas fund. After a hearing, The WCJ made the following findings of fact:

3. The review of [Wausau's] Application and attached documents reveals, in pertinent part, the following:

a) On April 14, 1987, Claimant[, Joseph Kaminski,] filed a Claim Petition alleging work-related injuries on September 4, 1985 and by decision circulated May 4, 1991, the Referee [now Worker's Compensation Judge ("WCJ")] granted the Claim Petition but also terminated compensation as of July 7, 1986;

b) Claimant duly appealed the termination decision to the [Board] and by decision circulated August 14, 1992, the [Board] reversed the WCJ's May 4, 1991 decision terminating benefits and ordered benefits to be paid from the date terminated and continuing into the future;

c) [Wausau] filed a Petition for Supersedeas pending appeal with the [Board], which petition was denied on October 22, 1992. Similarly, [Wausau's] Petition for Rehearing was denied by the [Board] on November 2, 1992;

d) On September 9, 1992, [Wausau] filed a Petition to Terminate and requested a supersedeas as of April 19, 1989 or September 11, 1989;

e) On November 2, 1992, [Wausau] filed a Petition for Supersedeas with the Commonwealth Court of Pennsylvania ("Commonwealth Court") and by decision circulated December 1, 1992, the Court denied the request for supersedeas;

f) According to [Wausau's] brief, supersedeas in connection with the Petition to Terminate was granted on December 15, 1992 by the WCJ as to ongoing benefits and compensation was paid for the period July 7, 1986 through December 15, 1992;

g) On May 17, 1993, Commonwealth Court circulated a decision affirming the Board's decision ordering [Wausau] to continue making payments to Claimant but remanded the matter to the WCJ to determine when, if at all, Claimant recovered from the work-related injuries;

h) On November 23, 1999, the WCJ circulated a decision on the remand granting the Petition to Terminate as of April 19, 1989;

i) Claimant duly appealed the November 23, 1995 WCJ decision to the [Board], which circulated a decision on June 18, 1997 amending the WCJ decision by ordering termination as of September 11, 1989 instead of April 19, 1989.

4. The June 18, 1997 decision of the [Board] was not appealed and there is no other litigation pending which would effect Supersedeas Fund reimbursement.

The WCJ noted that the Bureau did not contest Wausau's entitlement to reimbursement and that the controversy centered on what was the beginning and ending date or "period of reimbursement" in the case. Relying on this Court's decision in *Robb, Leonard and Mulvihill v. Workers' Compensation Appeal Board (Hooper)*, 746 A.2d 1175 (Pa.Cmwlth.2000), and Section 443(a) of the Workers' Compensation Act (Act),[1] the WCJ stated that the

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 999(a). Section 443(a) provides that reimbursement from the supersedeas fund is available in those cases where supersedeas has been requested and denied under the provisions of Section 413 of the Act, 77 P.S. §§ 771–774, and Section 430 of the Act, 77 P.S. § 971, payments of compensation are made as a result, and upon the final outcome

beginning date for reimbursement is from the date the request for supersedeas was filed and not before and that reimbursement is only proper to the date of the final decision determining that compensation was not, in fact, payable. The WCJ pointed out that the date of September 9, 1992, which is the date Wausau filed its petition to terminate and requested a supersedeas therein, was the date that fell squarely within the purview of the requirements of Section 443(a) of the Act; therefore, September 9, 1992 was the beginning date for reimbursement. The WCJ then found that based on the Board's June 18, 1997 final determination that compensation was not, in fact, payable after September 11, 1989, the payments made by Wausau between September 9, 1992 and June 18, 1997 were reimbursable.

Wausau appealed the WCJ's decision to the Board. Before the Board, Wausau argued that the WCJ erred in concluding that Wausau was only entitled to reimbursement from September 9, 1992. Wausau argued that it was entitled to reimbursement from April 19, 1989 or in the alternative, from September 11, 1989, the date from which compensation was denied in the underlying claim petition. Upon review, the Board held that the WCJ did not err.

The Board pointed out that Wausau actually requested supersedeas under both Sections 430[2] and 413[3] of the Act. The Board stated that Wausau requested supersedeas under Section 430, pending Wausau's petition for rehearing to the Board, and unsuccessfully renewed that request in this Court. The Board stated that this request was based on Wausau's appellate challenges to the Board's determination that benefits were not properly terminated on July 7, 1986. The Board held that because this Court affirmed the Board's order reversing the WCJ's termination of benefits effective July 7, 1986, Wausau was not entitled to supersedeas reimbursement based on its Section 430 request under the terms of Section 443(a). The Board noted further that this Court additionally remanded the case to the WCJ to determine a new recovery date in 1989[4] and that the WCJ, in turn, consolidated the remanded claim petition case with Wausau's parallel termination petition proceeding.

The Board further stated that Wausau concurrently requested supersedeas under Section 413 in conjunction with the September 9, 1992 termination petition. The Board held that the WCJ correctly determined that Wausau was only entitled to supersedeas reimbursement from Septem-

of the proceedings, it is determined that such compensation was not, in fact, payable.

**2.** Section 430 provides, in pertinent part, that any insurer or employer who terminates, decreases, or refuses to make any payment provided for in the decision without filing a petition and being granted a supersedeas shall be subject to a penalty except in the case of payments terminated as provided in Section 434 governing final receipts.

**3.** Section 413 is encompassed in several sections in Purdon's. Herein, the relevant provision of Section 413 is found at 77 P.S. § 774, which provides, in pertinent part, that the filing of a termination petition shall automati-

cally operate as a request for a supersedeas to suspend the payment of compensation fixed in the award where the petition alleges that the employee has fully recovered and is accompanied by a physician's affidavit to that effect, which is based upon an examination made within twenty-one days of the filing of the termination petition.

**4.** *See Regal Corrugated Box Company v. Workmen's Compensation Appeal Board (Kaminski)* (Pa.Cmwlth., No.1932 C.D.1992, filed May 27, 1993)—Reproduced Record (R.R.) at 16a–19a. This Court remanded the matter for a determination as to when, if at all, Claimant recovered from his work-related injury. *Id.*

ber 9, 1992 in accordance with this Court's decision in *Hooper*, which held that in a Section 413 case, supersedeas reimbursement can only be granted for those payments attributed to a claimant's period of disability subsequent to the date the request for supersedeas is filed.

■ Accordingly, the Board affirmed the WCJ's decision.[5] This appeal followed.[6]

■ Herein, Wausau argues that pursuant to Section 443 of the Act, it is entitled to supersedeas with respect to retroactive indemnity benefits paid during a contested claim petition proceeding. Wausau contends that it has unquestionably met the standard required to obtain reimbursement with respect to retroactive benefits paid during Claimant's claim petition proceeding. Wausau argues that it filed its supersedeas request pursuant to Section 430 of the Act and that Section 443 does not specifically preclude reimbursement for payments made retroactively in the context of a disputed claim petition. Wausau argues further that the standard that an insurer is only entitled to supersedeas fund reimbursement from the date it filed its request for supersedeas cannot possibly apply in the context of a contested claim petition where, on appeal, it is determined that an insurer paid compensation for a period of time when benefits were not in fact payable. Wausau argues that Section

443 contains no language which limits its application to any particular proceeding nor does it state that supersedeas can only be granted as of the date the insurer petitions for same.

Wausau argues further that this Court's decision in *Hooper* is not applicable because that case was decided in the context of a modification, suspension or termination petition, not in the context of a claim petition. Wausau contends that the Board's interpretation of the Act legally bars an insurer or employer from recovering payments to claimants for a time period when benefits were, in fact, not payable. Wausau argues that the Board's interpretation of Section 443 leaves insurers and employers with no recourse with respect to reimbursement for payments made retroactively during a disputed claim petition proceeding because all of the retroactive payments would have, by necessity, predated the supersedeas request. Therefore, Wausau contends that it is entitled to reimbursement from the date that Claimant failed to prove ongoing disability, April 19, 1989.

Section 443(a) of the Act provides that "[i]f, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon the final outcome

5. We note that Wausau, as the petitioner in this matter, has failed to append copies of the WCJ's decision and the Board's decision to its brief as mandated by Pa.R.A.P. 2111. Rule 2111(b) specifically requires that "[t]here shall be appended to the brief a copy of any opinions delivered by any court or other government unit below relating to the order or other determination under review, if pertinent to the questions involved." We remind counsel for Wausau that this Court does not view favorably any violation of the Rules of Appellate Procedure. The Rules of Appellate Procedure govern the practice and procedure in the appellate courts of this Commonwealth and any violation thereof only serves to hinder this Court's review of a matter.

6. This Court's review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefore." [7] 77 P.S. § 999(a) (footnote omitted). The prerequisites to an insurer's obtaining reimbursement from the supersedeas fund pursuant to Section 443(a) of the Act have been explained by this Court as follows:

1. A supersedeas must have been requested;

2. The request for supersedeas must have been denied;

3. The request must have been made in a proceeding under Section 413 or Section 430 of the Act;

4. Payments were continued because of the order denying the supersedeas; and

5. In the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable.

*Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Liberty Mutual Insurance Company),* 113 Pa.Cmwlth.607, 538 A.2d 587 (1988).

 It is well settled that only a grant of supersedeas while a workers' compensation award is on appeal relieves an employer or insurer of the continuing obligation to pay benefits. *Stoyer v. Sarko,* 154 Pa.Cmwlth. 44, 621 A.2d 1244 (1993), *petitions for allowance of appeal denied,* 536 Pa. 649, 639 A.2d 35 (1994); 537 Pa. 614, 641 A.2d 313 (1994). In addition, an order granting a supersedeas request in a worker's compensation proceeding may not be applied retroactively. *Cunningham v. Workmen's Compensation Appeal Board (Inglis House),* 156 Pa. Cmwlth.241, 627 A.2d 218 (1993).

With respect to the language of Section 443(a), it specifically states that the provisions contained therein apply to "any case" in which a supersedeas has been requested and denied under the provisions of Section 413 or 430 of the Act. There is nothing in the language of Section 443(a) which excludes a contested claim petition proceeding. Accordingly, we hold that Section 443 applies in the case where a supersedeas is requested and denied in a contested claim petition proceeding. We also hold that this Court's holding in *Hooper* applies in the context of a contest claim petition proceeding.

While the form of the petition in *Hooper* was a termination petition and a request for supersedeas filed pursuant to Section 413 of the Act, this Court was called upon to interpret the language of Section 443(a) of the Act, which, by its plain language, clearly governs applications for supersedeas filed pursuant to both Sections 413 and 430. In interpreting Section 443(a) of the Act, this Court, relying on previous precedent, stated as follows:

> The language [of Section 443] makes it clear that reimbursement is due only for those payments made subsequent to the request for supersedeas. There is nothing in the wording of Section 443 which would indicate a Legislative intent to provide for reimbursement retroactive to the date the [WCJ] determined that the employe could return to work without any loss of pay or disability. We are

---

7. Section 443(b) of the Act, 77 P.S. § 999(b), creates the supersedeas fund and provides, in part, as follows:

> (b) There is hereby created a special fund in the State Treasury, separate and apart from all other public moneys or funds of this Commonwealth, to be known as the Workmen's Compensation Supersedeas Fund. The purpose of this fund shall be to provide moneys for payments pursuant to subsection (a), to include reimbursement to the Commonwealth for any such payments made from general revenues. The department shall be charged with the maintenance and conservation of this fund. . . .

of the view that reimbursement under Section 443 is appropriate only for the period following the date the request for supersedeas was filed.

*Hooper*, 746 A.2d at 1180 (quoting *Pennsylvania Macaroni Co., Inc. v. Workmen's Compensation Appeal Board (Cahill)*, 36 Pa.Cmwlth.267, 387 A.2d 949, 950–51 (1978)). In addition, this Court in *Hooper* relied on another early case that recognized this principle. In *Westmoreland Casualty Company v. Workmen's Compensation Appeal Board*, 32 Pa.Cmwlth. 492, 379 A.2d 1080, 1084 (1977), this Court determined that granting reimbursement to the insurer for compensation paid to a claimant only after the date that the insurer filed its request for supersedeas best comported with the purposes of the Act and the realities of its administration.

■ Accordingly, this Court held in *Hooper* that "reimbursement can only be granted for those payments attributable to a claimant's period of disability subsequent to the date the request for supersedeas is filed." *Hooper*, 746 A.2d at 1181. Thus, "if an employer files an application for supersedeas, the supersedeas can be effective no earlier than the date on which the employer files such an application." *Id.* at 1180. Based on the foregoing, we hold that this principle applies in the context of a contested claim petition proceeding wherein an insurer or employer requested a supersedeas pursuant to Section 430 of the Act.

■ We recognize that the purpose of the supersedeas fund is to provide a means to protect an insurer who makes compensation payments to a claimant who ultimately is determined not to be entitled thereto. *Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Allstate Insurance Co.)*, 96 Pa. Cmwlth.566, 508 A.2d 388 (1986), *petition for allowance of appeal denied*, 514 Pa.

632, 522 A.2d 560 (1987). We also note that the General Assembly recognized that recoupment from a claimant was impractical and would undermine the benevolent purposes of the Act. *Id.* However, as this Court has stated previously, the supersedeas fund was created by the General Assembly and it is up to that body, not this Court, to correct any perceived inequities in its operation. *Id.*

Therefore, in this case, Wausau is not entitled to reimbursement from April 11, 1989, the date that the WCJ found that Claimant failed to establish ongoing disability. As stated above, if an employer or insurer, as in this matter, files an application for supersedeas, the supersedeas can be effective no earlier than the date on which the employer files such an application. *Hooper*. Herein, Wausau first filed an application for supersedeas with the Board pursuant to Section 430 of the Act on September 10, 1992, which was denied by the Board on October 22, 1992. Therefore, pursuant to Section 443 of the Act and this Court's holding in *Hooper*, Wausau would be entitled to reimbursement with respect to its supersedeas request filed pursuant to Section 430 of the Act effective September 10, 1992, regardless of the fact that it was later determined that Claimant did not establish ongoing disability after April 19, 1989.

However, as the WCJ's findings reveal, Wausau filed a petition to terminate Claimant's benefits on September 9, 1992, which included a request for supersedeas pursuant to Section 413 of the Act. As this request for supersedeas was filed one day earlier than Wausau's request for supersedeas pursuant to Section 430, the correct beginning date for reimbursement, as found by the WCJ, is September 9, 1992.

The Board's order is affirmed.

## *ORDER*

AND NOW, this 13th day of May, 2003, the order of the Workers' Compensation Appeal Board in this matter is affirmed.

Judge SIMPSOM dissents.