DEPARTMENT OF LABOR & INDUS-
TRY, BUREAU OF WORKERS'
COMPENSATION, Petitioner

v.

WORKERS' COMPENSATION
APPEAL BOARD (TRAV-
ELERS), Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 2004.
Decided Oct. 22, 2004.

Janet L. Palese, Harrisburg, for peti-
tioner.

Jane A. Lombard, Philadelphia, for re-
spondent.

BEFORE: SMITH–RIBNER, Judge,
COHN JUBELIRER, Judge (P.),
LEAVITT, Judge.

OPINION BY Judge COHN
JUBELIRER.

The Department of Labor and Industry,
Bureau of Workers' Compensation (Bu-
reau) petitions for review of an order of
the Workers' Compensation Appeal Board
(Board), which reversed the Workers'
Compensation Judge's (WCJ) denial of
Traveler's Insurance (Insurer) Petition for
Supersedeas Fund Reimbursement
(Fund). At issue is the Board's awarding
Fund reimbursement where the Insurer
entered into a stipulation that the Bureau
alleges compromised the Insurer's right to
subrogation for the full amount of compen-
sation it was owed from the proceeds of
Johnie J. Vereen's (Claimant) third-party
tort action.

On July 31, 1990, Claimant suffered an injury in an automobile accident while in the course of his employment for Continental Baking Company (Employer). Pursuant to a Notice of Compensation Payable, Insurer paid Claimant total disability benefits at the rate of $419.00 per week plus medical expenses. Insurer filed a petition to terminate benefits and a request for supersedeas on January 28, 1992, the latter of which the WCJ denied. Subsequently, Insurer amended its petition to include a Petition to Review, alleging its entitlement to subrogation against any proceeds Claimant received as a result of his third-party tortfeasor action pursuant to Section 319 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 671.[1] Ultimately, on January 27, 1997, the WCJ granted the termination petition effective March 20, 1992. The WCJ also granted Insurer's Review Petition and ordered that Insurer be subrogated against any recovery Claimant had received as a result of his third-party action arising out of the work injury.

Claimant successfully settled his third-party action on December 21, 1995; however, he still disputed Insurer's subrogation lien. At that time, Claimant and Insurer signed a "Stipulation of Fact" (Stipulation) providing that the net amount of Insurer's subrogation lien as of that date (December 21, 1995) would be placed in escrow, and Claimant would receive the remaining funds. (R. at 45a, Stipulation.) The Stipulation further stated that Insurer asserts that it is entitled to "a future credit of the remaining balance subject to subrogation." (R. at 46a, ¶ 3 of Stipulation.)

On May 22, 1997, the Court of Common Pleas of Montgomery County held, and the Superior Court later affirmed, that Insurer was entitled to recover its statutory lien pursuant to Section 319 of the Act, and, thereafter, Insurer received the funds in the escrow account. However, from the date of the Stipulation and until the termination petition was granted on January 27, 1997, Insurer had been required to continue to pay Claimant benefits.[2] Employer sought reimbursement of these benefits, which total $24,302 for disability and $61.62 for medical benefits, in an Application for Supersedeas Fund Reimbursement[3] filed on or about December 16,

---

1. Section 319 of the Act provides:

   Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe . . . against such third party to the extent of the compensation payable under this article by the employer . . . Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe . . . and shall be treated as an advance payment by the employer on account of any future installments of compensation.

   77 P.S. § 671.

2. On January 27, 1997, the WCJ granted the Petition to Terminate as of March 20, 1992, and also granted the Petition to Review and ordered that Insurer be subrogated against any third party recovery pursuant to Section

319. On February 19, 1997, Claimant filed an appeal of the WCJ decision to the Board. The Board ultimately affirmed the decision granting the Petition to Review on February 10, 1998. Claimant appealed the Board's order to this Court only with regard to the Termination Petition and this Court affirmed on April 14, 1999. Claimant duly filed a Petition for Allowance of Appeal with the Supreme Court of Pennsylvania, which denied the Petition per curiam on November 24, 1999.

3. The Supersedeas Fund is a special fund in the State Treasury maintained by the Commonwealth through assessments made against all insurers and self-insurers for the purpose of reimbursing them for workers' compensation payments they made to claimants who are ultimately determined not to have been

1999. On May 12, 2000, the Bureau, acting in its capacity as conservator of the Fund, denied Insurer's Application for Reimbursement asserting that Insurer compromised its third-party subrogation lien for full accord and satisfaction of amounts paid in regard to the work-related injury.

On March 15, 2002, the WCJ denied and dismissed the Insurer's Petition for Supersedeas Fund Reimbursement. The WCJ reasoned that the reimbursement Insurer was seeking should properly have come from Insurer's subrogation lien against the third-party settlement Claimant received, pursuant to Section 319 of the Act. Furthermore, the WCJ indicated that any reimbursement from the Fund would constitute a double recovery by the Insurer. (R. at 53a, WCJ Decision)

Insurer appealed the WCJ's adjudication to the Board, which reversed and awarded Fund reimbursement to Insurer of the $24,363.62 in overpayments of compensation from December 21, 1995 through January 31, 1997.[4] The Board reasoned that Insurer could not be made whole by either seeking reimbursement from the December 21, 1995 subrogation lien from Claimant or from a credit against future installments of compensation payments because the WCJ's January 27, 1997 Decision and Order terminated Claimant's compensation. Therefore, in the interests of justice, it determined that Insurer was entitled to receive reimbursement from the Fund because there is no other resource to

make it whole. (R. at 62a, Board's Decision.)

■ The Bureau now appeals to this Court.[5] It argues that Insurer, in the Stipulation, compromised the full amount it could have received through statutory subrogation and, therefore, cannot use the Fund to finance its own compromise. We disagree.

Section 443(a) of the Act provides in relevant part:

If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payment shall be reimbursed therefor.

77 P.S. § 999(a). In general, the prerequisites for an insurer to obtain reimbursement from the Fund are summarized in *Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Liberty Mutual Insurance Company)* as follows:

1. A supersedeas must have been requested;

2. The request for supersedeas must have been denied;

3. The request must have been made in a proceeding under Section 413 of the Act;

---

entitled to them. Section 443 of the Act, 77 P.S. § 999. *See also Department of Labor & Industry v. Workmen's Compensation Appeal Board (Pennsylvania National Mutual Casualty Insurance Company),* 34 Pa.Cmwlth.265, 383 A.2d 261 (1978).

4. The Board affirmed the WCJ's denial of attorney fees and costs and Insurer has not appealed from this decision. (R. at 61a–62a, Board's opinion.)

5. Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Deak v. Workmen's Compensation Appeal Board (USX Corporation),* 653 A.2d 52 (Pa.Cmwlth.1994).

4. Payments were continued because of the Order denying the supersedeas; and

5. In the final outcome of the proceedings 'it is determined that such compensation was not, in fact, payable.'

113 Pa.Cmwlth. 607, 611, 538 A.2d 587, 589 (1988) (footnotes omitted) (quoting *Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Insurance Company of North America)*, 101 Pa. Cmwlth.552, 516 A.2d 1318, 1320 (1986).) There is no dispute that Insurer meets this initial test to obtain reimbursement. However, the Bureau argues that by signing the Stipulation the Insurer compromised its ability to recover the overpayments from the third-party settlement after December 21, 1995, and the Fund cannot be used to finance the Insurer's compromise of its subrogation lien under this Court's holding in *Pep Boys, Inc. v. Workers' Compensation Appeal Board (Young)*, 818 A.2d 601 (Pa.Cmwlth.2003), *petition for allowance of appeal denied*, 574 Pa. 756, 830 A.2d 977 (2003).

In *Pep Boys*, the claimant settled a third-party tortfeasor action in connection with a work-related injury. To facilitate settlement of the third-party action, the insurer compromised its compensation lien agreeing to accept an amount less than it was owed and signed a settlement agreement confirming the compromise.[6] We held that:

> Pursuant to this statutory mandate, an insurer must seek subrogation for the full amount of compensation it is owed from the third-party tortfeasor responsible for the work injury. If, as here, the insurer **voluntarily** chooses to compromise the lien amount it is entitled to receive by way of statutory subrogation,

it cannot then recoup the **compromised amount** through the Fund.

*Id.* at 604. (Emphasis added.)

The Bureau's reliance on *Pep Boys* is misplaced. Here, Insurer and Claimant entered into a Stipulation at the time of the third-party settlement, which provided that the net amount of the subrogation lien up to that date (December 21, 1995) would be placed in escrow and "that the amount of the recovery not subject to alleged subrogation, the costs and counsel fees, and the amount of the recovery allegedly subject to a future credit in the ... workers' compensation forum may be distributed to claimant in the third party case." (Id., ¶ 4). Claimant ardently litigated Insurer's right to the subrogation lien, which was not decided in Insurer's favor until May 22, 1997. The Stipulation also provided that Insurer is entitled to "a future credit of the remaining balance subject to subrogation." (R. at 46a, ¶ 3 of Stipulation).

The Stipulation here specified that "[t]he parties agree that the amount of defendant's asserted lien, a net amount of $78,073.10 **as of December 21, 1995**, will be held in a federally insured savings institution ..." (R. at 45a, page 2, ¶ 5 of Stipulation) (emphasis added.) Although Insurer may have compromised the amount of the benefits it had paid up and until December 21, 1995, Insurer is **not** requesting reimbursement for any amounts it paid prior to December 21, 1995. With regard to the benefits paid after December 21, 1995, and until they were terminated on January 31, 1997, the Stipulation states that Insurer retains "a future credit of the remaining balance subject to subrogation." (R. at 46a, ¶ 3 of Stipulation). Unlike the insurer in *Pep Boys*, Insurer here did not compromise its compensation lien in full accord and satisfaction at the time the Stipulation

6. The precise language of the agreement is not stated in the Court's opinion.

was signed. Here, it is because the WCJ terminated the benefits that there was no future credit for Insurer to receive.

■ Given Claimant's ongoing legal challenge to Insurer's subrogation rights, it is unclear what Insurer *legally* could have done to protect its subrogation rights. At oral argument, the Bureau proposed that Insurer should have delayed disbursement of the balance of the third-party settlement to Claimant pending a final decision on Insurer's termination petition. However, if Insurer, in fact, delayed disbursement, it would have violated Section 319 of the Act, which states in pertinent part that:

> Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe....

77 P.S. § 671. Were we to adopt the Bureau's position in this factual situation, both Claimant and Insurer would be harmed. Insurer would have to "protect" its future compensation by delaying disbursement to Claimant, who would not timely receive his third party settlement, and Insurer would violate Section 319 of the Act, subjecting itself to penalties. Instead, Insurer complied with the Act, allowing Claimant to receive his settlement as required and, thereafter, looked to the Fund to protect its interest as an insurer that made payments to a claimant in good faith. Reimbursement from the Fund is the only recourse available to make Insurer whole. "[T]he purpose of the supersedeas fund is to provide a means to protect an insurer who makes compensation payments to a claimant who ultimately is determined not to be entitled thereto." *Wausau Insurance Companies v. Workers' Compensation Appeal Board (Com-*monwealth of Pennsylvania)*, 826 A.2d 21, 27 (Pa.Cmwlth.2003), *petition for allowance of appeal denied*, 575 Pa. 694, 835 A.2d 711 (2003)(citing *Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Allstate Insurance Co.)*, 96 Pa.Cmwlth.566, 508 A.2d 388 (1986), *petition for allowance of appeal denied*, 514 Pa. 632, 522 A.2d 560 (1987)). As noted previously, there is no future compensation payable because Claimant's compensation was terminated as of March 20, 1992. Furthermore, Insurer cannot collect any money remaining after satisfaction of Insurer's lien as of December 21, 1995, because the money was disbursed to Claimant as required pursuant to Section 319 of the Act. Therefore, because Insurer did not voluntarily[7] compromise the amount of its lien as the insurer did in *Pep Boys*, Insurer may collect from the Fund consistent with the Fund's purpose. *Wausau Insurance Companies*, 826 A.2d at 27.

Accordingly, based on the analysis contained herein, the order of the Board granting Insurer's Application for Supersedeas Fund Reimbursement is affirmed.

### ORDER

**NOW**, October 22, 2004, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby AFFIRMED.

---

7. Under the Act, Claimant was entitled to receive the third-party settlement. Since Insurer could not legally prevent Claimant from receiving these funds, its failure to do so was not "voluntary."