## BUREAU OF WORKERS' COMPENSATION, Petitioner

v.

## WORKERS' COMPENSATION APPEAL BOARD (CONSOLIDATED FREIGHTWAYS, INC.), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 4, 2005.

Decided May 25, 2005.

Reargument Denied July 21, 2005.

Andrea E. Dean, Asst. Counsel, Harrisburg, for petitioner.

Daniel J. Gallagher, Harrisburg, for respondent.

BEFORE: FRIEDMAN, Judge, LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge LEAVITT.

The Bureau of Workers' Compensation (Bureau) petitions for review of an order of the Workers' Compensation Appeal Board (Board) granting the application of Consolidated Freightways, Inc. (Employer) for Supersedeas Fund reimbursement. In doing so, the Board affirmed the decision of a Workers' Compensation Judge (WCJ) that Employer was entitled to Supersedeas Fund reimbursement after it successfully defeated a claimant's request for reinstatement. The issue presented for our review is whether an employer is entitled to reimbursement of benefits that relate to a work injury that occurred before the supersedeas request was filed but were paid after the supersedeas request was filed.

On December 11, 1992, John Einsig (Claimant) was injured during the course and scope of his employment as a truck driver for Employer. Employer did not contest liability, and Claimant received workers' compensation benefits pursuant to a notice of compensation payable. Claimant later returned to work on February 23, 1993, and his benefits were suspended in accordance with a supplemental agreement between the parties.

On October 13, 1995, Claimant petitioned to reinstate his benefits for the closed period from January 12, 1994, through May 1, 1995. Claimant alleged that during this time he was unable to drive safely due to pain medication he was taking for the previous work injury. The WCJ denied Claimant's reinstatement petition on October 16, 1997, and Claimant appealed to the Board. The Board vacated the WCJ's decision and remanded the matter on November 30, 1999. The WCJ again denied Claimant's reinstatement petition on September 22, 2000. Following a second appeal, the Board reversed the WCJ's decision on October 30, 2001, and ordered Employer to reinstate Claimant's total disability benefits for the period from January 12, 1994, through May 1, 1995, plus interest.

On November 21, 2001, Employer requested the Board to stay its October 30, 2001, order pending an appeal to this Court. Also on November 21, 2001, Employer filed its petition for review with this

Court along with a request for a supersedeas. The Board denied Employer's supersedeas petition on December 20, 2001. This Court also denied a supersedeas but ultimately ruled in Employer's favor by reversing the Board's October 30, 2001, order. *Consolidated Freightways v. Workers' Compensation Appeal Board (Einsig)*, (Pa.Cmwlth., No. 2710 C.D.2001, filed October 18, 2002).

■ Following this Court's decision, Employer filed an Application for Supersedeas Fund Reimbursement (Application) with the Bureau. Employer sought recoupment of $55,435.44, plus interest, that it paid to Claimant pursuant to the Board's October 30, 2001, order reinstating Claimant's benefits for the period from January 12, 1994, through May 1, 1995. The WCJ granted Employer's Application, and the Board affirmed. The Bureau now petitions this Court for review.[1]

■ Presently, the Bureau argues that the Board erred in granting Employer's Application since the reinstated benefits that Employer paid to Claimant were attributable to a period of disability that predated Employer's petition for supersedeas. In support, the Bureau cites to this Court's decision in *Wausau Insurance Companies v. Workers' Compensation Appeal Board (Commonwealth of Pennsylvania)*, 826 A.2d 21 (Pa.Cmwlth.2003). Employer counters that *Wausau* is inapposite, and that it was entitled to reimbursement from the Supersedeas Fund because it complied with the requirements set forth in Section 443(a) of the Workers' Compensation Act (Act).[2] We agree.

■ In interpreting Section 443(a) of the Act, this Court has noted that an employer or insurer may obtain reimbursement from the Supersedeas Fund by meeting the following five requirements:

1. A supersedeas must have been requested;

2. The request for supersedeas must have been denied;

3. The request must have been made in a proceeding under Section 413 [3] or Section 430 [4] of the Act;

---

1. This Court's review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. *Wausau Insurance Companies v. Workers' Compensation Appeal Board (Commonwealth of Pennsylvania)*, 826 A.2d 21, 25 n. 6 (Pa.Cmwlth. 2003).

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 999(a). Section 443(a) provides:

   If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor.

   77 P.S. § 999(a). Section 443(b), 77 P.S. § 999(b), establishes the Supersedeas Fund as

a special fund in the State Treasury to provide moneys for payments made pursuant to Section 443(a). The Supersedeas Fund is financed by annual assessments on insurers and self-insurers under the Act. The Bureau is charged with maintenance and conservation of the Fund.

3. Section 413 of the Act provides, in pertinent part, that "[a] workers' compensation judge designated by the department may, at any time, modify, *reinstate*, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its [WCJ], *upon petition filed by either party with the department*, upon proof that the disability of an injured employe has increased, decreased, *recurred*, or has temporarily or finally ceased...." 77 P.S. § 772 (emphasis added).

4. Section 430 refers to a supersedeas being requested in the course of an appeal. 77 P.S. § 971(a). It further admonishes that "[a]ny

4. Payments were continued because of the order denying supersedeas; and

5. In the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable.

*Wausau*, 826 A.2d at 26 (quoting *Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Liberty Mutual Insurance Company)*, 113 Pa.Cmwlth. 607, 538 A.2d 587, 589 (1988)). It is also axiomatic that

> an employer can recover from the supersedeas fund only compensation which was paid after the petition for a supersedeas had been filed.... There is no provision in the act which would allow an employer to recover, retroactively, payments made prior to the filing of a petition for a supersedeas.

*Moore v. Workmen's Compensation Appeal Board (International Service System)*, 137 Pa.Cmwlth.582, 586 A.2d 1047, 1049 n.2 (1991).

Applying the foregoing principles to this case, we find that Employer complied with the Act. Employer requested a supersedeas on November 21, 2001, which was denied by the Board. Employer made its request in the context of a proceeding on Claimant's reinstatement petition, which is one of several types of proceedings contemplated by Section 413 of the Act.[5] Following the Board's denial of a supersedeas, Employer continued making payments to Claimant for the closed period from January 12, 1994, through May 1, 1995. It was ultimately determined by this Court that

Claimant was not, in fact, entitled to those benefits. Under *Moore*, Employer's eligibility for reimbursement of those funds began on November 21, 2001, when Employer filed its petition for supersedeas, and Employer is entitled to recover all of the wrongly reinstated benefits it paid to Claimant after that date.

The Bureau maintains that Employer is not entitled to Supersedeas Fund reimbursement because this Court stated in *Wausau* that "reimbursement can only be granted for those payments attributable to a claimant's period of disability subsequent to the date the request for supersedeas is filed." *Wausau*, 826 A.2d at 27 (quoting *Robb, Leonard and Mulvihill v. Workers' Compensation Appeal Board (Hooper)*, 746 A.2d 1175, 1181 (Pa.Cmwlth.2000)). *Wausau* is factually distinguishable from the case at bar, however, and it did not effect a change in the bedrock principle enunciated in *Moore*.

Whereas the present case arose from proceedings on a reinstatement petition, in *Wausau* the employer paid on an original claim petition and, after supersedeas requests were denied on appeal, sought reimbursement for payments made retroactively to the date that the WCJ found that the claimant failed to establish an ongoing disability. The Bureau contested the insurer's right to reimbursement since its responsibility to pay arose before the post-award supersedeas request. This Court agreed with the Bureau reaffirming the rule that the Supersedeas Fund reimburses payments made after the date of a

---

insurer or employer who terminates, decreases or refuses to make any payment provided for in the decision without filing a petition and being granted a supersedeas" shall be in violation of the Act and subject to penalties. 77 P.S. § 971(b). The Bureau suggests that Employer's supersedeas request to this Court falls within the purview of Section 430. Brief for Petitioner at 11. Employer's supersedeas

request to the Board, filed pursuant to Section 413, is really the subject of our review. In any event, the record indicates that both requests were made on the same day, November 21, 2001, and we may resolve the legal issue in this case without specific reference to either Section 413 or 430.

5. *See supra*, note 3.

supersedeas request. We explained that this rule "best comport[s] with the purposes of the Act and the realities of its administration." *Wausau*, 826 A.2d at 27.

The *Wausau* rule is exemplified by the facts of this case. The Supersedeas Fund protects an employer (or insurer) from bearing the costs of benefits to which a claimant is not entitled. On October 30, 2001, the Board granted Claimant's reinstatement petition, entitling him to benefits for the period from January 12, 1994 to May 1, 1995. Employer had no reason to request a supersedeas before October 30, 2001; there was simply no order to supersede. Employer thereafter prevailed in its appeal of the Board's reinstatement of benefits to Claimant and, thus, is entitled to reimbursement from the Supersedeas Fund. It is irrelevant that the period of time attributable to Claimant's alleged recurring disability predated Employer's supersedeas request. It is hard to conceive of a reinstatement proceeding where that will not be the case, and the Bureau's position ignores that reality. The legislature did not intend to foreclose employers and their insurers from reimbursement for benefits that have been wrongly reinstated, but such would be the inevitable result of the impossible procedural standard asserted by the Bureau.

In sum, we reiterate that benefits paid pursuant to a reinstatement petition are reimbursable to the employer or insurer under Section 443(a) of the Act. An employer or insurer is entitled to recoup such benefits from the Supersedeas Fund that it paid subsequent to filing its request for a supersedeas. It is of no moment that the alleged recurrence of the work injury predated the supersedeas request.

In accordance with the foregoing, the order of the Board is affirmed.

## ORDER

AND NOW, this 25th day of May, 2005, the order of the Workers' Compensation Appeal Board in the above-captioned matter dated October 18, 2004, is hereby AFFIRMED.