**SCRANTON SCHOOL DISTRICT,**
Petitioner

v.

**WORKERS' COMPENSATION
APPEAL BOARD (CARDEN),**
Respondent.

Commonwealth Court of Pennsylvania.

Argued Feb. 9, 2010.

Decided March 12, 2010.

Publication Ordered May 14, 2010.

Charles S. Katz, Jr., West Chester, for petitioner.

Eric G. Preputnick, Asst. Counsel, Harrisburg, for intervenor.

BEFORE: PELLEGRINI, Judge, and BUTLER, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge BUTLER.

The Scranton School District (Employer) seeks review of the July 21, 2009 order of the Workers' Compensation Appeal Board (Board) affirming a Workers' Compensation Judge's (WCJ) decision denying and dismissing the petition for review of a

utilization review (UR) determination filed by Employer, and granting the penalty petition. Employer is not challenging the denial of the UR review petition, only the granting of the penalty petition. Employer presents two issues for this Court's review: (1) whether Section 306(f.1)(5) of the Pennsylvania Workers' Compensation Act (Act) [1] suspends any obligation to pay medical bills which have been subjected to a Request for UR Review, and (2) whether the Medical Cost Containment Regulations (Regulations), Sections 127.208(e) and (g),[2] and 127.479,[3] are invalid. For reasons that follow, we affirm the Board's order.

James Carden (Claimant) was employed by Employer when he sustained a work injury on August 10, 1995, and received workers' compensation benefits pursuant to a Notice of Compensation Payable. On June 6, 2007, Employer filed a UR request concerning treatment rendered to Claimant by Dr. Leroy J. Pelicci on and after May 15, 2007. On August 20, 2007, the treatments were determined to be reasonable and necessary by a utilization review organization (URO).

█ On August 30, 2007, Employer filed a UR review petition. On October 9, 2007, Claimant filed a penalty petition alleging that Employer had violated the Act by failing to pay the medical bills determined to be reasonable and necessary. On September 8, 2008, the WCJ denied Employer's UR review petition, and granted Claimant's penalty petition. Employer appealed to the Board, and the Board af-

firmed the decision and order of the WCJ. Employer appealed to this Court.[4]

█ Employer argues Section 306(f.1)(5) of the Act specifically provides for suspension of payment to providers if the employer disputes the reasonableness or necessity of treatment. Employer contends that because Section 306(f.1)(6)(iv) of the Act [5] states that if a party disagrees with the findings of a UR, a petition for review must be filed, a UR review is part of the dispute process which requires suspension of payment to providers. We disagree.

Section 306(f.1)(5) of the Act states, in pertinent part: "All payments to providers for treatment provided pursuant to this act shall be made within thirty (30) days of receipt of such bills and records *unless the employer or insurer disputes the reasonableness or necessity of the treatment* provided pursuant to paragraph (6)." (Emphasis added). Further, Section 127.208(e) of the Regulations states, in pertinent part: "The insurer's right to suspend payment shall further continue beyond the UR process to a proceeding before a workers' compensation judge, *unless there is a UR determination made that the treatment is reasonable and necessary.*" (Emphasis added). Moreover, Section 127.208(g) of the Regulations states, in pertinent part: "If a URO determines that medical treatment is reasonable or necessary, the insurer shall pay for the treatment. *Filing a petition for review before a workers' compensation judge, does not*

---

1.  Act of June 2, 1915, P.L. 736, *as amended,* added by the Act of July 2, 1993, P.L. 190, 77 P.S. § 531(5).

2.  34 Pa.Code §§ 127.208(e) and (g).

3.  34 Pa.Code § 127.479.

4.  "This Court's review is limited to determining whether there has been a violation of

constitutional rights, errors of law committed, or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence." *Bureau of Workers' Comp. v. Workers' Comp. Appeal Bd. (Consol.Freightways, Inc.),* 876 A.2d 1069, 1071 n. 1 (Pa.Cmwlth.2005).

5.  77 P.S. § 531(6)(iv).

*further suspend the obligation to pay for the treatment once there has been a determination that the treatment is reasonable or necessary.*" (Emphasis added).

While Section 306(f.1)(5) of the Act unambiguously provides for suspension of payment to medical providers if there is a dispute concerning the reasonableness and necessity of treatment, Sections 127.208(e) and (g) of the Regulations just as clearly provide that such suspension of payment ends if there is a UR determination that the treatment is reasonable and necessary. Thus, there is no support for Employer's argument that the suspension should continue through a UR Review.

■ Employer further argues that the language of the Regulations is plainly contrary to the express language of the Act. Specifically, Employer contends, since Section 306(f.1)(6) of the Act includes a UR review before a WCJ, the UR review must be included in the UR process, thus allowing for suspension of payment. Employer argues that Sections 127.208(e) and (g) of the Regulations, which end suspension of payment when a UR determines that treatment is reasonable and necessary, are clearly conflicting and therefore invalid. We disagree.

Section 435(a) of the Act, 77 P.S. § 991(a), states:

The department shall establish and promulgate rules and regulations consistent with this act, which are reasonably calculated to:

(i) expedite the reporting and processing of injury cases,

. . . .

(iii) expedite the hearing and determination of claims for compensation and petitions filed with the department under this act,

. . . .

(v) explain and enforce the provisions of this act.

Moreover, "[i]t is well settled that an administrative agency's interpretation of a statute is given controlling weight unless it is clearly erroneous." *Riverwalk Casino, LP v. Pennsylvania Gaming Control Bd.*, 592 Pa. 505, 530, 926 A.2d 926, 940 (2007). Here, Sections 127.208(e) and (g) of the Regulations are not only consistent with the language of Sections 306(f.1)(5) and (6) of the Act; they clearly explain and enforce the Act as well as expedite the UR process. Furthermore, since the Department's Regulations are consistent with the language of the statute, they must be accorded due deference. *Id.* Accordingly, we hold that the Regulations are valid. The Board did not err in granting Claimant's penalty petition.

For all of the above reasons, we affirm the order of the Board.

### ORDER

AND NOW, this 12th day of March, 2010, the July 21, 2009 order of the Workers' Compensation Appeal Board is affirmed.