Travelers Insurance Company, Appellant *v.* John Gunson, Appellee.

Argued June 6, 1983, before President Judge CRUMLISH, JR. and Judges DOYLE and BARBIERI, sitting as a panel of three.

*Stephen J. Harlen, Swartz, Campbell & Detweiler,* for appellant.

*Robert J. Murphy, Murphy, Murphy & Murphy, P.C.,* for appellee.

OPINION BY JUDGE DOYLE, December 9, 1983:

This appeal, transferred from the Superior Court, reviews the propriety of a grant of supersedeas by the Workmen's Compensation Appeal Board on appeal of a referee's award of benefits.

On December 24, 1979, John Gunson (Claimant) filed a petition for benefits alleging that as a result of a work-related injury on April 11, 1978 he sustained a loss of use of his left arm. Following a hearing, a referee, on July 13, 1981 found Claimant to be entitled to compensation for loss of use of the left arm beginning June 21, 1978 at the rate of $213.00 per week for 410 weeks plus a twenty week healing period, pursuant to Section 306(c) of The Pennsylvania Workmen's Com-

pensation Act (Act).[1] The employer's carrier, Travelers Insurance Company (Travelers), appealed the referee's decision to the Board and designated its appeal also as a Petition for Supersedeas.

When Travelers failed to pay the award, the Claimant, on September 11, 1981, filed a certified copy of the referee's award with the Court of Common Pleas of Philadelphia and judgment was entered in the amount of $95,497.10, pursuant to Section 428 of the Act, 77 P.S. §921. On September 17, 1981, Travelers petitioned the court of common pleas to strike and/or open the judgment. On September 22, 1981, the Workmen's Compensation Appeal Board (Board) granted Travelers' request for supersedeas. On October 2, 1981 Travelers informed the court of common pleas of the action taken by the Board by filing a supplementary petition with the court. On April 28, 1982 the court of common pleas denied Travelers' motion to strike and/or open the judgment on the basis that the Board was without authority to grant the supersedeas.[2] Travelers appealed to the Superior Court and then moved to transfer the case to the Commonwealth Court. Transfer was granted on August 19, 1982.

Claimant's Petition for Review of the Board's order granting supersedeas was denied by order of this Court dated October 27, 1981. Claimant's Motion

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §513.

[2] On December 15, 1981 the court of common pleas directed that the judgment against Travelers be opened. Claimant appealed to the Superior Court, and when the court of common pleas filed its opinion in accordance with Pa. R.A.P. 1925, on April 28, 1982, the Court reversed itself and *denied* the motion to open the judgment. Claimant moved to correct the record and on July 7, 1982 the Superior Court ordered the court of common pleas to correct the conflict in the record to reflect its true intention. By order dated July 13, 1982 the court of common pleas vacated the December 15, 1981 order and directed that Travelers' motion be denied. It is the July 13, 1982 order which is appealed to this Court.

to Quash, filed on September 15, 1982 has also been denied.[3]

The issue before this Court is whether the court of common pleas erred in determining that the Judiciary Act Repealer Act (JARA)[4] rescinded the power of the Board to grant supersedeas in appeals to it from decisions by a referee awarding benefits.[5] We believe the court of common pleas erred.

At the time of the Claimant's injury, Section 430 (b) of the Act provided:

No appeal shall operate as a supersedeas unless the board or the court to whom the appeal is taken shall, upon petition for the same so order after consideration of the contentions of the

[3] Claimant urges again in this appeal that we are without subject matter jurisdiction and that jurisdiction is properly vested in the Superior Court. The Superior Court has found jurisdiction over the subject matter of this case to be properly vested in the Commonwealth Court and has transferred the case accordingly. The case involves proceedings pursuant to provisions of The Pennsylvania Workmen's Compensation Act and requires our interpretation of that legislation. We have, in addition, previously accepted jurisdiction over such matters as are raised here. See Jarvis v. Jarvis, 40 Pa. Commonwealth Ct. 65, 397 A.2d 27 (1979). We have jurisdiction to decide this appeal.

[4] Act of April 28, 1978, P.L. 202, as amended, 42 P.S. §§20001-20004.

[5] Claimant argues also that the supersedeas granted was invalid because Travelers could not "designate" its appeal of the referee's decision as a request for supersedeas, and the Board could not grant it without consideration of Claimant's opposition. We note that Section 413 of the Act specifically allows designation of a petition to terminate as a request for supersedeas. There is no reason to distinguish practice under Section 430(b). In addition, the record indicates that Claimant was served with adequate notice of Travelers' request and was afforded ample opportunity to respond in opposition to the supersedeas request. The record reveals no departure from the Board's common practice in the grant of this supersedeas on the basis of Travelers' request and Claimant's filed response. See A. BARBIERI, Pennsylvania Workmen's Compensation §6.30(8).

parties. The board or court shall rule upon the petition for a supersedeas as soon as possible and shall consider whether failure to pay or continue to pay compensation immediately may jeopardize the health or well being of the employee and/or his dependents and any other facts which the board or court deem to be relevant. The decision upon such petition shall not be appealable. Any insurer or employer who terminates, decreases or refuses to make any payment provided for in the decision without filing a petition and being granted a supersedeas as provided in this section, shall be subject to a penalty as provided in section 435 except in the case of payments terminated as provided in section 434.

JARA repealed the first, second and third sentences of Section 430(b) and as much of the fourth sentence which reads *"as provided in this section."* Section 2 of JARA, 42 P.S. §20002(a)[995]. As amended by JARA, Section 430(b) of the Act now reads:

Any insurer or employer who terminates, decreases or refuses to make any payment provided for in the decision without filing a petition and being granted a supersedeas shall be subject to a penalty as provided in section 435, except in the case of payments terminated as provided in section 434.

---

In oral argument, it was conceded that the decision of the referee in question here has been affirmed by the Board and the time period within which Travelers could have petitioned this Court to review that affirmance has expired. The case before us is not rendered moot, however, because it falls within that class of cases which present issues which would elude review if we were to dismiss for mootness. *See Chester Upland School District v. Chester Upland Education Association*, 64 Pa. Commonwealth Ct. 523, 440 A.2d 1283 (1982).

It seems rather clear that since not all of Section 430(b) was repealed, the legislature intended to preserve the availability of a supersedeas on appeal of a referee's decision to the Board. We note also that Section 443 of the Act, 77 P.S. §999 still provides for reimbursement on final outcome if there was denial of a supersedeas under Section 413 *or Section 430*, and payments were incorrectly ordered.

Other unrepealed provisions of the Act indicate the legislature's recognition of the importance of supersedeas in the administrative process of workmen's compensation. Section 413 of the Act, 77 P.S. 774, grants discretion to the referee to allow supersedeas in petitions to modify or terminate an award and provides for automatic supersedeas in some instances. And the Rules of Appellate Procedure provide for supersedeas on petition for review of a decision of the Board by the Commonwealth Court. Pa. R.A.P. 1781. Supersedeas is thus available before and after appeal to the Board. We believe it is unreasonable to presume that it should not also be available while appeal to the Board is pending.

There is no question, then, that supersedeas was available to Travelers pending appeal of the referee's decision to the Board. What remains at issue is whether, after JARA, the power to grant supersedeas remained in the Board or vested in some other administrative or judicial body.

Section 3(b) of JARA, 42 P.S. §20003(b) tells us that "[t]he specific repeals effected by section 2 are intended to eliminate obsolete, unnecessary or suspended statutory provisions." Section 3(b) also provides, in pertinent part:

General rules promulgated pursuant to the Constitution of Pennsylvania and the Judicial Code in effect on the effective date of the repeal of a statute, shall prescribe and provide the practice

and procedure with respect to the enforcement of any right, remedy or immunity where the practice and procedure had been governed by the repealed statute on the date of its repeal. If no such general rules are in effect with respect to the repealed statute on the effective date of its repeal, the practice and procedure provided in the repealed statute shall continue in full force and effect, as part of the common law of the Commonwealth. . . .

Prior to the passage of JARA, the Board was the body to which a petition for supersedeas was directed. Given the language of Section 3(b), it is reasonable to assume that the legislature intended the Board to continue as the body granting supersedeas. We note also that under Pa. R.A.P. 1781(a) it is the Board to whom requests for supersedeas pending appeal to this Court are first directed.

In light of the Board's broad powers on appeal of a referee's decision to decide whether the appeal is timely,[6] to remand for further findings,[7] to overturn the referee's decision and disallow or award compensation,[8] or to make such other orders as the facts may require,[9] we do not believe the legislature intended to excise the supersedeas function from the Board's central role in workmen's compensation matters. *See Jarvis v. Jarvis,* 40 Pa. Commonwealth Ct. 65, 67, 397 A.2d 27, 29 (1979).

Insofar as the court of common pleas based its denial of Travelers' petition to open or strike the judgment on the Board's lack of authority to grant the supersedeas, that denial was improper. Accordingly,

---

[6] *See* Section 423 of the Act, 77 P.S. §853.

[7] Section 419 of the Act, 77 P.S. §852.

[8] Section 423 of the Act, 77 P.S. §854.

[9] *Id.*

the order of the court of common pleas must be reversed.

### ORDER

Now, December 9, 1983, the order of the Court of Common Pleas of Philadelphia County in the above referenced matter, dated July 13, 1982 is hereby reversed and the matter is remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.