**Howard W. MARK and Cincinnati Insurance Company,**
**Petitioners**

v.

**WORKERS' COMPENSATION APPEAL BOARD (McCURDY),**
**Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 1, 2006.
Decided March 10, 2006.

Leta V. Pittman, Pittsburgh, for petitioners.

Thomas P. Howell, Asst. Counsel, Harrisburg, for respondent, Bureau of Workers' Compensation.

Vincent J. Quatrini, Jr., Greensburg, for respondent, Lorraine McCurdy.

BEFORE: COLINS, President Judge, and McGINLEY, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, LEADBETTER, Judge, COHN JUBELIRER, Judge, and SIMPSON, Judge.

OPINION BY Judge SIMPSON.

In this workers' compensation case we address supersedeas fund reimbursement under the Workers' Compensation Act (Act).[1] In particular, we are asked to resolve an apparent split of authority. A recent case holds that reimbursement may be had for all payments actually made after supersedeas denial, including payment of benefits awarded retroactively for earlier periods of disability. Another line of cases holds that reimbursement can only be had for payments accruing after supersedeas was requested, which would exclude reimbursement for retroactive benefits attributable to disability before supersedeas was requested. The split of authority is mirrored in the split of opinion among workers' compensation authorities.

Employer, Howard W. Mark, a dentist, and his insurer, Cincinnati Insurance Company (together, Petitioners) seek reimbursement from the Workers' Compensation Supersedeas Fund (Fund)[2] for several

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–104.4, 2501–2626.

2. Section 443 of the Act was *added by* the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 999. This provision established the Fund, its maintenance and conservation. 77 P.S. § 999.

Section 443(a) provides in relevant part:

years of compensation benefits paid to Lorraine McCurdy (Claimant). The requested reimbursement is for $43,768.40 (full amount).

In opposition, the Department of Labor and Industry, Bureau of Workers' Compensation (Bureau) asks us to affirm the order of the Workers' Compensation Appeal Board (Board) which allowed reimbursement of only $14,106.78 (allowed amount). This amount included benefits accruing after the supersedeas request, but excluded retroactive benefits paid for periods before the request.

## I.

This matter began in October 1993 when Claimant filed a claim petition alleging she became ill with contact dermatitis on her hands during the time she worked as an office manager/dental assistant. The matter proceeded to a first Workers' Compensation Judge (WCJ).

During extended proceedings before the first WCJ, Petitioners contested the claim on the basis of causation, contending that any disability was related to a chronic non-work related problem. In addition, Petitioners challenged the length of any dis-

ability, contending Claimant fully recovered from any work-related condition.[3] After years of proceedings, in May 1997, the first WCJ granted Claimant on-going benefits retroactive to early September 1993.[4]

Petitioners timely appealed, and they simultaneously filed a supersedeas request addressed to the Board. The Board denied the supersedeas request.[5]

However, in its subsequent decision on the merits, the Board affirmed in part, reversed in part and remanded. The Board affirmed that Claimant established a work-related aggravation of her preexisting dermatitis. The Board reversed the finding of on-going disability and remanded to determine when Claimant fully recovered.

On remand, a second WCJ found Claimant was fully recovered from an aggravation of her preexisting condition as of August 1995. The second WCJ terminated Claimant's benefits. This decision was effective August 1998. On appeal, the Board affirmed.

The significance of this second WCJ decision is that benefits initially awarded for

(a) If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 [77 P.S. § 771–774] or section 430 [77 P.S. 971(a)], payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor.

Section 443(b), 77 P.S. 999(b), established the Fund as a special fund in the state treasury to provide the money for payments made pursuant to Section 443(a). The Fund is financed by annual assessments of insurers and self-insurers under the Act. The Bureau is responsible for the maintenance and conservation of the Fund.

3. Petitioners voluntarily paid Claimant total disability benefits for the closed period Sep-

tember, 1993, to March, 1995, the date of an independent medical evaluation. Petitioners did not seek reimbursement of these amounts. See First WCJ Decision, Conclusion of Law No. 2; Reproduced Record (R.R.) at 19a.

4. Also, the first WCJ denied a request for unreasonable contest attorney fees and for penalties. Claimant did not pursue these requests further. See First WCJ Decision, Findings of Fact Nos. 18, 19; R.R. at 18a.

5. After the supersedeas denial, Petitioners paid a lump sum of $29,779.97 to cover benefits payable under the first WCJ's order. Thereafter, Petitioners paid benefits at the $128.00 weekly rate until the Board decided the merits of the case in September 1998.

disability from August 1995 until the August 1998 decision on termination were ultimately determined not to be payable. Those benefits were paid after the supersedeas request was denied. The benefits paid for disability from the August 1995 recovery date to the June 1997 supersedeas request are currently contested. All parties agree that reimbursement is appropriate for periods after the June 1997 supersedeas request.

In January 2003, Petitioners filed the application for Fund reimbursement now at issue. The Bureau determined Petitioners could be reimbursed only for amounts representing payments for disability after the June 1997 supersedeas request. A third WCJ similarly determined reimbursement could only be granted for payments attributable to disability periods occurring after the supersedeas request; here, the allowed amount. The Board affirmed. Petitioners appeal.[6]

## II.

### A.

■ Section 443(a) of the Act allows reimbursement from the Fund if certain requirements are met. Those requirements are: 1) a supersedeas was requested; 2) the request for supersedeas was denied; 3) the request was made in a proceeding under Section 413[7] or Section 430[8] of the Act; 4) payments were continued because of the order denying supersedeas; and 5) in the final outcome of the proceedings, it was determined such compensation was not, in fact, payable. *See Bureau of Workers' Comp. v. Workers' Comp. Appeal Bd. (Consol.Freightways, Inc.)*, 876 A.2d 1069 (Pa.Cmwlth.2005); *Bureau of Workmen's Comp. v. Workmen's Comp. Appeal Bd. (Liberty Mut. Ins. Co.)*, 113 Pa.Cmwlth. 607, 538 A.2d 587 (1988).

Petitioners and the Board, as *amicus curiae*, argue all five requirements are met. Petitioners requested a supersedeas in June 1997, which was denied by the Board. Petitioners made the request to the Board pursuant to Section 430 of the Act. Petitioners made payments because of the supersedeas denial. In the final outcome, the compensation was determined not to be payable. Also, Petitioners argue the failure to grant reimbursement of the full amount requested violates their constitutional rights as a taking of property without hearing or redress, contradicts the

---

**6.** This Court's review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. *Dep't of Labor & Indus., Bureau of Workers' Comp. v. Workers' Comp. Appeal Bd. (Exel Logistics)*, —— Pa. ——, 890 A.2d 1045 (2005). In examining questions of law, our scope of review is plenary. *Id.*

**7.** Section 413 of the Act, 77 P.S. § 772, provides in pertinent part that:

[A] workers' compensation judge designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its [WCJ], upon petition filed by either party with the department, upon proof "that the disability has increased, decreased, recurred, or has temporarily or finally ceased. . . ."

**8.** Section 430, 77 P.S. § 971, states:

(a) The lien of any judgment entered upon any award shall not be divested by any appeal.

(b) Any insurer or employer who terminates, decreases or refuses to make any payment provided for in the decision without filing a petition and being granted a supersedeas shall be subject to a penalty as provided in Section 435 [77 P.S. § 991], except in the case of payments terminated as provided in Section 434 [77 P.S. § 1001].

policy of Section 443 of the Act, and is an error of law.

The Bureau contends it correctly denied full reimbursement since the retroactive benefits paid to Claimant were attributable to a period of disability that predated the supersedeas petition. In support, the Bureau cites the split decision in *Wausau Ins. Co. v. Workers' Comp. Appeal Bd. (Commonwealth of Pa.)*, 826 A.2d 21 (Pa. Cmwlth.2003). In *Wausau*, a panel majority determined retroactive benefits accruing for periods before the petition for supersedeas could not be reimbursed.

Petitioners counter *Wausau* should not apply where the right to compensation was not established before the award from which the appeal was taken. Their contention reflects the rationale in a recent case, *Consol. Freightways*. In *Consol. Freightways*, a unanimous panel determined that reimbursement could be had for retroactive benefits paid after the petition for supersedeas was denied.

### B.

Supersedeas and reimbursement from the Fund are topics with which this Court struggles. Judging from the adversarial positions of the Board and the Bureau, it appears that compensation authorities also share different views. We therefore seek guidance from the Act.

Fund reimbursement is available when requested in proceedings under Sections 413 or 430 of the Act. Confusion arises from this requirement and from this Court's imprecise application of it. Therefore, further analysis is appropriate.

### Section 413

▪ Section 413 of the Act governs changes to an existing compensation situation. 77 P.S. § 771–73. It allows a WCJ to change a notice or agreement for compensation if materially incorrect. 77 P.S. § 771. *Id.* Section 413 also allows a WCJ to modify, reinstate, suspend or terminate compensation where disability changes. 77 P.S. § 772; *see also Jeanes Hosp. v. Workers' Comp. Appeal Bd. (Hass)*, 582 Pa. 405, 872 A.2d 159 (2005). More particularly, a supersedeas request under Section 413 is addressed to a *WCJ* to suspend a previously established payment liability, usually in conjunction with a petition to *reduce* compensation (suspension, modification or termination). This is the import of the statutory requirement that premises Fund reimbursement on a supersedeas request in proceedings under Section 413.

Not all cases under Section 413 involve retroactive benefits. Where retroactive benefits are at issue in petitions to reduce compensation, it is usually because an employer unilaterally stopped payments under a previously established liability. *See Robb, Leonard and Mulvihill v. Workers' Comp. Appeal Bd. (Hooper)*, 746 A.2d 1175 (Pa.Cmwlth.2000); *Westmoreland Casualty Co. v. Workmen's Comp. Appeal Bd.*, 32 Pa.Cmwlth. 492, 379 A.2d 1080 (1977).

### Section 430

▪ In contrast, Section 430 of the Act involves appeals from an adverse decision of a WCJ to the Board. This distinction was clearer before the Section was amended in 1978 to delete specific reference to the Board,[9] but the distinction continues to

---

**9.** The Act of April 28, 1978, P.L. 202, rewrote Section 430(b). The former version of Section 430(b) provided:

    (b) No appeal shall operate as a supersedeas, unless the board or the court to whom the appeal is taken shall, upon petition for

same, so order after consideration of the contentions of the parties. The board or court shall rule upon the petition for a supersedeas as soon as possible and shall consider whether failure to pay or continue to pay compensation immediately may jeop-

be recognized by courts. *Travelers Ins. Co. v. Gunson,* 79 Pa.Cmwlth. 39, 468 A.2d 529 (1983), *aff'd,* 506 Pa. 334, 485 A.2d 390 (1984). A supersedeas request under Section 430 is addressed to the *Board* (or to this Court) to suspend a recent decision on appeal. This is the import of the statutory requirement that premises Fund reimbursement on a supersedeas request in proceedings under Section 430.

Supersedeas requests under Section 430, where there is no previously established compensation liability or where liability is reinstated or enlarged, typically involve significant retroactive benefits. *See, e.g., Snizaski v. Workers' Comp. Appeal Bd. (Rox Coal Co.),* — Pa. —, 891 A.2d 1267 (2006); *Wausau.* These benefits accrue during the course of litigation and not from a unilateral cessation of payments under a previously established liability.

■ In summary, we evaluate the procedural stage at which the initial supersedeas request is made (requested from WCJ or requested on appeal from Board), and the recency of the liability (suspend previously established liability or suspend new decision) to determine whether a supersedeas has been requested and denied under the provisions of Section 413 or the provisions of Section 430 of the Act. The distinction is material where significant retroactive benefits, and their cause, are at issue.

### Fund Reimbursement

Section 443(a) of the Act addresses reimbursement from the Fund. The Section is clear in its focus on payments made

rather than on periods of disability. The statute provides in pertinent part: "If ... supersedeas has been requested and denied ... *payments of compensation are made* as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, *the insurer who has made such payments shall be reimbursed* therefor." 77 P.S. § 999(a) (emphasis added).

■ Thus, this Section of the Act does not speak of disability or of the accrual of liability; rather, the statute clearly speaks to payments of compensation made as a result of a denied supersedeas request. The provision contains no plain language prohibiting reimbursement of retroactive benefits. The plain language of the statute supports Petitioners' position that the right to reimbursement relates to payments made after denial of a supersedeas request, as is the case with the full amount here.

### Cases

There is language in two cases under Section 430 (request on appeal to Board involving new liability from award on petition to establish compensation) that an order granting a supersedeas request may not be applied retroactively. *Wausau; Cunningham v. Workmen's Comp. Appeal Bd. (Inglis House),* 156 Pa.Cmwlth. 241, 627 A.2d 218 (1993). Clearly, this rule is not founded on the quoted language in the Act pertaining to reimbursement from the Fund. Upon further examination, we disapprove of that language in cases where supersedeas was sought under Section 430

ardize the health or well being of the employe and/or his dependents and any other facts which the board or court deems to be relevant. The decision upon such petition shall not be appealable. Any insurer or employer who terminates, decreases or refuses to make any payment provided for in

the decision without filing a petition and being granted a supersedeas as provided in this section shall be subject to a penalty as provided in section 435, except in the case of payments terminated as provided in section 434.

from a recent decision and where reimbursement is sought for retroactive benefits paid after supersedeas denial. For reasons explained below, we overrule the cases to that extent.

### 1.

In *Cunningham*, an employer requested supersedeas from the Board after a new award on a claim petition. The Board did not promptly rule on the request, and the employer did not make payments under the award. Four months later, the Board granted the request. This Court held in part that the late grant of the supersedeas request did not relate back to the time of the request, and it did not excuse an earlier violation of the Act. In this context, the Court wrote, "An order granting supersedeas may not be applied retroactively." *Cunningham*, 627 A.2d at 222.[10]

The Court in *Cunningham* did not state that payment for retroactive benefits could not be reimbursed. Indeed, reimbursement from the Fund was not before the Court. Therefore, the quoted sentence in *Cunningham* does not support a refusal to reimburse retroactive benefits otherwise recoverable.

### 2.

In *Wausau* this Court discussed a supersedeas request under both Sections 413 and 430. Upon further analysis, the supersedeas was requested under Section 430, as it was first addressed to the Board on appeal from a new award on a petition to establish compensation. Relying on

*Cunningham*, the Court stated that "an order granting a supersedeas request in a worker's compensation proceeding may not be applied retroactively." *Wausau*, 826 A.2d at 26.

It is true that a supersedeas order cannot be made retroactive to an earlier date. Nevertheless, as explained above, the cited authority simply does not support a holding that retroactive benefits paid after a supersedeas denial cannot be reimbursed. For that reason, we disapprove of the language in that context.

Our decision in *Wausau* was significant in another way that requires discussion. For the first time, this Court applied the body of cases dealing with supersedeas requests under Section 413 to a supersedeas request under Section 430. This was done without mention of the procedural differences discussed above. Also, it was done without mention of the primary issue in the cited Section 413 cases: violation of the Act arising from an employer's unilateral cessation of compensation.[11]

There is good reason to apply the cited Section 413 cases where retroactive benefits accrued because of a unilateral cessation of payments under a previously established compensation arrangement. However, there is no compelling reason to apply this authority where retroactive benefits did not accrue during an improper cessation of compensation. Because a unilateral cessation of payments did not occur in *Wausau*, there was no factual basis to apply this line of reasoning. For

10. The Court cited *M.A. Bruder & Son, Inc. v. Workmen's Comp. Appeal Bd. (Thomas Harvey)*, 86 Pa.Cmwlth.353, 485 A.2d 93 (1984) for this proposition. *Bruder*, however, involved a grant of supersedeas expressly made retroactive to the date of the last payment to the claimant.

11. The Court quoted *Hooper*, 746 A.2d at 1181, for the proposition that "reimbursement can only be granted for those payments attributable to a claimant's period of disability subsequent to the date the request for supersedeas is filed." *Wausau*, 826 A.2d at 26. The Court also cited *Westmoreland*, 32 Pa. Cmwlth. 492, 379 A.2d 1080. However, in those decisions the retroactive benefits accrued when payments under a previously established liability were stopped.

this additional reason, we believe the decision in *Wausau* was flawed, and we expressly overrule it.

**3.**

This Court's most recent decision on this issue is *Consol. Freightways.* In that case, the Court discussed a supersedeas request under Sections 413 and 430. Upon further analysis, the supersedeas was requested under Section 430, because the request was first made to the Board on appeal from a recent decision reestablishing compensation. Retroactive benefits were awarded, but the benefits did not accrue during a unilateral cessation of compensation; rather, the benefits accrued during the litigation process. This Court held that the Fund should reimburse for retroactive benefits paid after the supersedeas was denied, even though the benefits were attributable to disability before supersedeas was requested.

Having re-examined the decision in *Consol. Freightways,* we agree that it was correctly decided. It therefore controls our decision in the current case.

**III.**

Unlike the Section 413 cases involving retroactive benefits accruing from an employer's cessation of compensation, there is no reasonable argument that Petitioners here wrongfully stopped benefits. On the contrary, the first WCJ found Petitioners' contest was reasonable and that they did not violate the Act. In the absence of successful appeal by Claimant on these issues, these determinations are binding.

■ In addition, there is no argument Petitioners could have requested supersedeas sooner or lawfully done anything to avoid the payments in question. Consistent with *Consol. Freightways,* we hold that reimbursement may be had for all payments actually made after supersedeas denial, including payment of benefits awarded retroactively for earlier periods of disability.

In so holding we reject the Bureau's circular argument that Petitioners did not make the payments at issue as a result of the denial of supersedeas but because they lost in their defense of the claim petition. There was no existing determination of liability until the first WCJ made an award. It was that award that for the first time included liability for retroactive benefits, and it was that award Petitioners sought to stay. Petitioners paid these benefits after their supersedeas request was denied. This satisfies the statutory requirement.

The Bureau's position would preclude reimbursement of mistakenly awarded retroactive benefits in all cases. If the legislature intended to preclude Fund reimbursement for all retroactive benefits, it could have said so; however, the statute does not contain that restriction. *See Consol. Freightways,* 876 A.2d at 1073 (legislature did not intend to foreclose reimbursement for benefits that have been wrongfully reinstated, but such would be result of Bureau's position).

Because reimbursement here is consistent with the plain language of the Act and with this Court's most recent decision on the issue, we affirm. However we modify the order of the Board to permit reimbursement of the full amount of $43,768.40, which includes retroactive benefits.

***ORDER***

AND NOW, this 10th day of March, 2006, the decision of the Workers' Compensation Appeal Board in the above captioned matter is **AFFIRMED AS MODIFIED.**

DISSENTING OPINION BY Judge McGINLEY.

I respectfully dissent to the majority's conclusion that supersedeas fund reim-

bursement may be had for all payments made after a supersedeas request, including payment of benefits awarded retroactively for earlier periods of disability.

The majority would overrule *Wausau Insurance Companies v. Workers' Compensation Appeal Board (Commonwealth of Pennsylvania)*, 826 A.2d 21 (Pa.Cmwlth. 2003), *appeal denied*, 575 Pa. 694, 835 A.2d 711 (2003), where this Court held that "an order granting a supersedeas request in a worker's compensation proceeding may not be applied retroactively." The majority asserts that *Wausau* "simply does not support a holding that retroactive benefits paid after a supersedeas denial cannot be reimbursed." Majority Opinion at 236. I disagree.

This Court concluded in *Wausau* that pursuant to Section 443 of the Workers' Compensation Act (Act), 77 P.S. § 999[1], Wausau Insurance was only entitled to supersedeas fund reimbursement for benefit payments made subsequent to the date of the supersedeas request and did not include retroactive benefits for earlier periods of disability, even though it was ultimately determined that the claimant was not entitled to those benefits. *Wausau*, 826 A.2d at 27. Furthermore, this Court correctly noted that "the supersedeas fund was created by the General Assembly and it is up to that body, not this Court, to correct any perceived inequities in its operation." *Wausau*, 826 A.2d at 27 (Citations omitted).

Unlike the majority, I believe a plain reading of Section 443(a) of the Act, 77 P.S. § 999(a), reflects the General Assembly's intention that "... in any case in which a supersedeas has been requested and denied under the provisions of [S]ec-

tion 413, 77 P.S. § 771–774, or [S]ection 430, 77 P.S. § 971, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor."

I agree with the Board's contention that it correctly denied retroactive reimbursement for benefits that were paid which predated the supersedeas petition. Such retroactive benefits were not paid as a result of the denial of the supersedeas; those benefits were paid as the result of an award. I must respectfully disagree that Section 443(a) of the Act, 77 P.S. § 999(a), concentrates its focus on "payments made" rather than on "periods of disability" because, as I read the controlling provision, the General Assembly has expressed its intent to preclude fund reimbursement for these retroactive benefits. And because if the General Assembly intended to include reimbursement of these retroactive benefits the General Assembly certainly could have said so.

Accordingly, I would affirm the Board, and award supersedeas fund reimbursement in the amount of $14,106.78 for benefits accrued and paid after Howard W. Mark's and Cincinnati Insurance's supersedeas request. This amount would exclude reimbursement for retroactive benefits which predated the supersedeas request.

President Judge COLINS joins in this dissent.

Judge FRIEDMAN joins in this dissent.

---

1. Act of June 2, 1915, P.L. 736, *as amended.* Section 443 of the Act was added by the Act of February 8, 1972, P.L. 25.