**DEPARTMENT OF LABOR & INDUSTRY BUREAU OF WORKERS' COMPENSATION, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CRAWFORD & COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 2008.
Decided Feb. 2, 2009.

Janet L. Palese, Asst. Counsel, Harrisburg, for petitioner.

Perry D. Merlo, Philadelphia, for respondent.

BEFORE: LEADBETTER, President Judge, and PELLEGRINI, Judge, and FRIEDMAN, Judge [1], and COHN JUBELIRER, Judge, and SIMPSON, Judge, and LEAVITT, Judge, and BUTLER, Judge.

OPINION BY Judge COHN JUBELIRER.

The Bureau of Workers' Compensation (Bureau) appeals an order of the Workers' Compensation Appeal Board (Board), which affirmed a Workers' Compensation Judge's (WCJ) decision granting the Application for Supersedeas Fund Reimbursement (Application) filed by Crawford & Company (Insurer). On appeal, the Bureau argues that the Board erred in granting Insurer reimbursement from the Workmen's Compensation Supersedeas Fund (Supersedeas Fund) because Insurer requested reimbursement for treatment rendered prior to the date on which it requested supersedeas reimbursement.

Kevin Ressler (Claimant) began receiving weekly compensation benefits for an injury that occurred in July 1995 in the course and scope of his employment with Metal Industries Incorporated of California (Employer). On June 1, 2004, Claimant underwent medical treatment for his injury. On July 19, 2004, Employer filed a Petition to Terminate benefits as of March 16, 2004 (Termination Petition) and requested supersedeas. On August 30, 2004, a WCJ denied Employer's request for supersedeas. On October 11, 2004, a medical bill for treatment rendered to Claimant on June 1, 2004, in the amount of $35,405.45, was presented to Insurer. Insurer paid this medical bill on January 25, 2005. On June 28, 2005, a WCJ granted Employer's Termination Petition, and the Board later affirmed. Subsequently, Insurer filed the Application requesting reimbursement from the Supersedeas Fund in the amount of $35,405.45. The Bureau argued that the *treatment was rendered to Claimant prior to the request for supersedeas* and, thus, payment for such treatment is not subject to reimbursement from the Supersedeas Fund. The WCJ disagreed and granted Insurer's Application, stating:

> It is not the date of service that causes the compensation to be due. It is the date when the bill is properly presented. This matter was due on the date the bill was filed.... This was an obligation that arose after the petition [for supersedeas] was filed and the supersedeas was denied. A service date generates a potential claim but there is no duty to pay until the bill is presented.

(WCJ Decision at 1.) On appeal, the Board affirmed, stating that "[a]s the obligation for payment of the medical bill, and the payment thereof, occurred after the request for supersedeas was made and denied, it was not error for the WCJ to grant [Insurer's] Application for Supersedeas Fund Reimbursement." (Board Op. at 5.)

---

1. The decision in this case was reached before January 1, 2009, when Judge Friedman assumed the status of senior judge.

The Bureau now petitions this Court for review.[2]

The Bureau is charged with the responsibility for the maintenance and conservation of the Supersedeas Fund. Section 443(b) of the Workers' Compensation Act (Act), 77 P.S. § 999(b).[3] An employer or insurer is entitled to reimbursement from the Supersedeas Fund only when certain requirements under Section 443(a) of the Act[4] are met. *Mark v. Workers' Compensation Appeal Board (McCurdy)*, 894 A.2d 229, 233 (Pa.Cmwlth.2006). This Court has interpreted those requirements as follows:

> 1) a supersedeas was requested; 2) the request for supersedeas was denied; 3) the request was made in a proceeding under Section 413 [of the Act, 77 P.S. § 771,] or Section 430 of the Act[, 77 P.S. § 971]; 4) payments were continued because of the order denying super-

sedeas; and 5) in the final outcome of the proceedings, it was determined such compensation was not, in fact, payable.

*Id.*

"The Bureau acknowledged ... that Insurer met all five prerequisites and was entitled to reimbursement for indemnity and medical expenses ... for the period from July 19, 2004 through June 28, 2005." (Bureau's Br. at 8–9.) However, this dispute is over a medical bill and payment "for *treatment rendered* on June 1, 2004, more than six weeks *prior* to Insurer's request for supersedeas." (Bureau's Br. at 9 (emphasis added).)

The Bureau contends that the Board's order should be reversed because "if an employer requests supersedeas from a WCJ pursuant to" Section 413(a) of the Act,[5] supersedeas cannot be effective any

---

**2.** "This Court's review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence." *Mark v. Workers' Compensation Appeal Board (McCurdy)*, 894 A.2d 229, 233 n. 6 (Pa.Cmwlth.2006).

**3.** Act of June 2, 1915, P.L. 736, added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 999(b). Section 443(b) provides, in pertinent part:

> (b) There is hereby established a special fund in the State Treasury, separate and apart from all other public moneys or funds of this Commonwealth, to be known as the Workmen's Compensation Supersedeas Fund. The purpose of this fund shall be to provide moneys for payments pursuant to subsection (a), to include reimbursement to the Commonwealth for any such payments made from general revenues. The department shall be charged with the maintenance and conservation of this fund.

> 77 P.S. § 999(b).

**4.** *Section 443(a) provides:*

> (a) If, in any case in which a supersedeas has been requested and denied under the

provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor. Application for reimbursement shall be made to the department on forms prescribed by the department and furnished by the insurer. Applications may be assigned to a workmen's compensation referee for a hearing and determination of eligibility for reimbursement pursuant to this act. An appeal shall lie in the manner and on the grounds provided in section 423 of this act, from any allowance or disallowance of reimbursement under this section.

> 77 P.S. § 999(a).

**5.** Section 413(a) provides:

> A workers' compensation judge may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before such workers' compensation judge, if it be

earlier than the date on which the request for supersedeas is filed. (Bureau's Br. at 9 (citing *Westmoreland Casualty Co. v. Workmen's Compensation Appeal Board,* 32 Pa.Cmwlth. 492, 379 A.2d 1080 (1977).) Further, this Court, in *Robb, Leonard and Mulvihill v. Workers' Compensation Appeal Board (Hooper),* 746 A.2d 1175, 1181 (Pa.Cmwlth.2000), held that reimbursement from the Supersedeas Fund can only be granted for those payments made by the insurer that are attributable to the period of disability after the date that the request for supersedeas was filed. Thus, the Bureau contends that because the medical service in question was rendered *before* Insurer requested supersedeas, it is not permitted to be reimbursed out of the Supersedeas Fund. In addition to relying on *Hooper,* the Bureau also relies on this Court's decision in *Stonebraker v. Workmen's Compensation Appeal Board (Seven Springs Farm, Inc.),* 163 Pa.Cmwlth. 468, 641 A.2d 655 (1994), *superseded by statute,* Sections 413(a.1)-(a.2) of the Act, *as amended,* 77 P.S. § 774. In *Stonebraker,* this Court held that "where a claimant has proven a compensable work injury or received benefits through a notice of compensation payable, an employer is liable for payment of the claimant's medical expenses incurred up to the date of the referee's final order terminating the employer's liability." *Id.* at 660. The Bureau is concerned that if this Court agrees with the Board and Insurer's position, then "insurers would be encouraged to withhold

payment until supersedeas was eventually requested because, under the system proposed by Insurer, such payment would be reimbursable from the Fund, regardless of when treatment was actually provided." (Bureau's Br. at 12.)[6] The Bureau maintains that "regardless of the date that the bill was properly submitted by the provider to Insurer, Insurer was under the obligation to provide medical treatment to Claimant. And because that treatment was received by Claimant *before* Insurer's request for supersedeas, reimbursement from the Fund for that treatment is not appropriate." (Bureau's Br. at 12.)

In order to resolve this dispute, we look to recent case law addressing issues of reimbursement from the Supersedeas Fund. Specifically, in *Mark,* this Court held that reimbursement from the Supersedeas Fund "may be had for all payments actually made after supersedeas denial, including payment of benefits awarded retroactively for earlier periods of disability." *Mark,* 894 A.2d at 237.

In *Mark,* in May 1997, after years of litigation regarding the claimant's claim petition, "the first WCJ granted [the c]laimant on-going benefits retroactive to early September 1993." *Id.* at 232. The employer appealed to the Board and filed a supersedeas request, which the Board denied. *Id.* The Board subsequently affirmed the WCJ's holding that claimant proved a work-related aggravation to a preexisting condition. The Board re-

proved that such notice of compensation payable or agreement was in any material respect incorrect.

77 P.S. § 771.

**6.** The Bureau further explains:

If, as Insurer posits, the providers' billing date is the only date relevant to the reimbursement analysis, both the Fund and the courts must necessarily determine 1) whether the bill submitted by the insurer

for Fund reimbursement was the first one issued by the provider for the treatment;[8] 2) whether the bill was timely paid; or 3) whether the insurer had properly paid, denied, or repriced the bill.

---

[8] In contrast, the proofs of payment insurers currently provide to the Fund never show the dates when providers submit their bills to the insurers.

(Bureau's Br. at 12 & n.8.)

versed the WCJ's factual finding that claimant has an on-going disability and remanded to the WCJ to determine the date upon which the claimant was fully recovered. On remand, a second WCJ found that, as of August 1995, the claimant had recovered from the aggravation of her preexisting condition and terminated benefits effective August 1998. *Id.* The Board affirmed this decision. "The significance of this second WCJ decision is that benefits initially awarded for disability from August 1995 until the August 1998 decision on termination were ultimately determined not to be payable. Those benefits were paid after the supersedeas request was denied." *Id.* at 232–33. Before this Court, the parties were contesting the benefits paid to the claimant "for disability from the August 1995 recovery date to the June 1997 supersedeas request." *Id.* at 233. However, the parties did agree that the insurer should be reimbursed for the periods after the supersedeas request in June 1997. *Id.* In January 2003, the insurer sought reimbursement from the Supersedeas Fund. The Bureau determined that the insurer would only be reimbursed for payments after the June 1997 supersedeas request and that the insurer would not be reimbursed "retroactive benefits paid for periods before the request" was made. *Id.* at 232–33. A third WCJ also determined that reimbursement from the Supersedeas Fund could only be had "for payments attributable to disability periods occurring after the supersedeas request" was made. *Id.* at 233. This determination was affirmed by the Board.

On appeal, this Court noted the complexity of supersedeas requests and the adversarial positions taken by the Board and Bureau. Therefore, the Court looked to the language of the Act for guidance. *Id.* at 234. This Court noted that Supersedeas Fund reimbursement is available when requested in proceedings under Section 413 or Section 430 of the Act.[7] In Section 413 cases, a WCJ may modify an existing compensation situation. Specifically, a supersedeas request "is addressed to a *WCJ* to suspend a previously established payment liability, usually in conjunction with a petition to *reduce* compensation (suspension, modification or termination). This is the import of the statutory requirement that premises Supersedeas Fund reimbursement on a supersedeas request in proceedings under Section 413." *Mark,* 894 A.2d at 234. Retroactive benefits are not always involved in Section 413 cases. *Id.* However, where they are involved, "it is usually because an employer unilaterally stopped payments under a previously established liability." *Id.* By contrast, Section 430 cases involve appeals from a WCJ decision to the *Board.* Specifically, the supersedeas request is filed with the Board, or this Court, "to suspend a recent decision on appeal." *Id.* at 235. In these cases, significant retroactive benefits are usually involved when there is "no previously established compensation liability or where liability is reinstated or enlarged.... These benefits accrue during the course of litigation and not from a unilateral cessation of payments under a previously established liability." *Id.* (internal citations omitted).

---

7. Section 430 states:
   a) The lien of any judgment entered upon any award shall not be divested by any appeal.
   (b) Any insurer or employer who terminates, decreases or refuses to make any payment provided for in the decision with-

out filing a petition and being granted a supersedeas shall be subject to a penalty as provided in section 435, except in the case of payments terminated as provided in section 434.
77 P.S. § 971.

Further, we discussed the language in Section 443 of the Act, which addresses reimbursement requests from the Supersedeas Fund. This Court explained:

The Section is clear in its focus on payments made rather than on periods of disability. The statute provides in pertinent part: "If ... supersedeas has been requested and denied ... *payments of compensation are made* as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, *the insurer who has made such payments shall be reimbursed* therefor." 77 P.S. § 999(a) (emphasis added).

Thus, this Section of the Act does not speak of disability or of the accrual of liability; rather, the statute clearly speaks to payments of compensation made as a result of a denied supersedeas request. The provision contains no plain language prohibiting reimbursement of retroactive benefits. The plain language of the statute supports Petitioners' position that the right to reimbursement relates to payments made after denial of a supersedeas request, as is the case with the full amount here.

*Mark,* 894 A.2d at 235 (alterations in original). Based on this Court's interpretation of the language of Section 443(a) of the Act, we overruled language and reasoning in *Wausau Insurance Companies v. Workers' Compensation Appeal Board (Commonwealth of Pennsylvania),* 826 A.2d 21 (Pa.Cmwlth.2003), and *Cunningham v. Workmen's Compensation Appeal Board (Inglis House),* 156 Pa.Cmwlth. 241, 627 A.2d 218 (1993), to the effect "that an order granting a supersedeas request may not be applied retroactively." *Mark,* 894 A.2d at 235 (describing *Wausau* and *Cunningham*). We "disapprove[d] of that language in cases where supersedeas was

sought under Section 430 from a recent decision and where reimbursement is sought for retroactive benefits paid after supersedeas denial." *Id.* at 235–36.

In *Mark,* we discussed a more recent decision in *Bureau of Workers' Compensation v. Workers' Compensation Appeal Board (Consolidated Freightways, Inc.),* 876 A.2d 1069 (Pa.Cmwlth.2005), which dealt with a supersedeas request under Section 430 of the Act, and we determined that *Consolidated Freightways* controlled the outcome of the case. Specifically, we stated that, in *Consolidated Freightways:*

[r]etroactive benefits were awarded, but the benefits did not accrue during a unilateral cessation of compensation; rather, the benefits accrued during the litigation process. This Court held that the Fund should reimburse for retroactive benefits paid after the supersedeas was denied, even though the benefits were attributable to disability before supersedeas was requested.

*Mark,* 894 A.2d at 237.

We held that, "[u]nlike ... cases involving retroactive benefits accruing from an employer's" unilateral cessation of benefits under Section 413, in *Mark* there was "no reasonable argument that insurer wrongfully stopped benefits." *Id.* Additionally, we noted that no argument was proffered that the insurer "could have requested supersedeas sooner or lawfully done anything to avoid the payments in question." *Id.* Thus, this Court held that, "[c]onsistent with *Consol. Freightways,* ... reimbursement may be had for all payments actually made after supersedeas denial, including payment of benefits awarded retroactively for earlier periods of disability." *Id.* This Court went on to state:

In so holding we reject the Bureau's circular argument that Petitioners did not make the payments at issue as a result of the denial of supersedeas but

because they lost in their defense of the claim petition. There was no existing determination of liability until the first WCJ made an award. It was that award that for the first time included liability for retroactive benefits, and it was that award Petitioners sought to stay. Petitioners paid these benefits after their supersedeas request was denied. This satisfies the statutory requirement.

The Bureau's position would preclude reimbursement of mistakenly awarded retroactive benefits in all cases. If the legislature intended to preclude Fund reimbursement for all retroactive benefits, it could have said so; however, the statute does not contain that restriction. *See Consol. Freightways,* 876 A.2d at 1073 (legislature did not intend to foreclose reimbursement for benefits that have been wrongfully reinstated, but such would be result of Bureau's position).

*Id.* Accordingly, we affirmed the order of the Board, with a modification "to permit reimbursement of the full amount ... which include[d] retroactive benefits." *Id.*

The Bureau contends, in its reply brief, that *Mark* and *Consolidated Freightways* do not control, arguing that both cases:

involved claimant-filed petitions to which the insurers filed requests for supersedeas at the earliest possible moment. In each case, the insurer had no liability for disability or medical treatment until the [WCJ] issued an order from which each insurer promptly appealed. These orders, and the ultimate denials of supersedeas, resulted in the overpayment for which each insurer requested reimbursement.

(Bureau's Reply Br. at 1.) The Bureau argues that:

In contrast to the insurers in [*Mark*] and *Consolidated Freightways,* which,

contested their liability from the inception of the claim, the insurer in this matter previously acknowledged liability for payment of compensation, including treatment such as the medical bill at issue here. As a result, and unlike [*Mark*] and *Consolidated Freightways,* the insurer here does not seek reimbursement for any liability that resulted from a WCJ's decision. Instead, the insurer here seeks reimbursement for its failure to file a timely termination petition and supersedeas request.

(Bureau's Reply Br. at 1.) The Bureau contends that the Supersedeas Fund should not be required to underwrite such a failure.

Contrary to the Bureau's argument, we agree with Insurer that *Mark* controls the outcome of this case. While we acknowledge that there are some factual differences in this case from those in *Mark,* which the Board raises, such as this case being a Section 413 case in which Employer/Insurer arguably could have filed its termination petition and supersedeas request before the surgery, those factual differences were not the basis for our decision in *Mark.*

*Mark* focused on the plain language of Section 443 of the Act and the fact that there was no evidence presented in that case that the employer/insurer unilaterally stopped paying benefits to the claimant. Just because this case falls under Section 413 of the Act, as opposed to Section 430, is of no moment. Just as in *Mark,* Insurer in this case, at all relevant times, provided benefits to Claimant and, at no time, wrongfully stopped providing benefits to Claimant. As this Court stressed in *Mark,* the language of Section 443 of the Act "is clear in its focus on *payments* made rather than on periods of disability" and "contains *no plain language prohibiting reimbursement of retroactive benefits.*"

*Mark,* 894 A.2d at 235 (emphasis added). Thus, "the right to reimbursement relates to *payments made after denial of a supersedeas request." Id.* (emphasis added). Here, it does not matter that the date of service of the medical expenses in question preceded the request for supersedeas— what matters is that the treatment in question was later determined to be ineligible for payment, and the bill for that treatment was *submitted to and paid* for by Insurer *after* supersedeas was requested and denied. Thus, we agree with the Board that Insurer is eligible for reimbursement from the Supersedeas Fund. This outcome is clearly in line with the language of the statute and recent case law.[8]

Accordingly, we affirm the order of the Board.

### *ORDER*

**NOW,** February 2, 2009, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.

### DISSENTING OPINION BY Judge PELLEGRINI.

Because reimbursement from the supersedeas fund (Fund) is *only* allowed for payments of compensation that were made because the supersedeas request was denied, and payments here would have had to have been made even if the supersedeas had been granted, I respectfully dissent.

The facts of this case are not in dispute. Kevin Resller (Claimant) was injured at work on July 21, 1995, and a notice of compensation payable was issued by Employer through its insurance carrier, Craw-

ford & Company. Claimant received treatment for his injury on June 1, 2004, and Employer filed a termination petition on July 19, 2004, alleging that Claimant had fully recovered from his injury on March 16, 2004. Employer also filed a request for supersedeas that same date. The WCJ denied the supersedeas request on August 30, 2004, but the termination petition was ultimately granted on June 28, 2005. Claimant appealed to the Board which affirmed. No further appeal was taken.

On **August 14, 2006,** Employer, through its insurance carrier, filed an application for supersedeas fund reimbursement requesting recoupment of indemnity benefits paid to Claimant of $2,074.42 and medical reimbursement of $40,909.60 from the date supersedeas was requested on July 19, 2004, through the date the termination petition was granted on June 28, 2005. The Fund agreed to pay for everything except a medical bill of $34,405.45 for services rendered to Claimant on **June 1, 2004,** which was presented to Employer on October 11, 2004, and paid by Employer on **January 24, 2005.** The Fund refused to pay that amount because Claimant incurred it **prior to the date supersedeas was requested, and services had to be performed after a request for supersedes in order for the bill to be reimbursed.** The WCJ ordered reimbursement, the Board affirmed, and this appeal followed.

Affirming the Board, the majority finds that "it does not matter that the date of service of the medical expenses in question preceded the request for supersedeas— what matters is that the treatment in question was later determined to be ineli-

---

**8.** Although *Westmoreland* held that the general rule was that supersedeas reimbursement may not operate retroactively, the more recent cases in *Mark* and *Consolidated Freightways* further clarified the issue. Moreover, contrary to the Bureau's argument, Insurer does not dispute the holding in *Stonebraker* that an insurer must continue to pay medical benefits during the pendency of termination petition litigation.

gible for payment, and the bill for that treatment was *submitted to and paid* for by Insurer *after* supersedeas was requested and denied." (Opin. at 339.) I disagree because that analysis ignores that the Workers' Compensation Act (Act)[1] requires that the payment was made due to the denial of the supersedeas, not just that the payment was made after the supersedeas was denied.

In 1972, Section 443(b) of the Act,[2] 77 P.S. § 999(b), was added to the Act establishing the Fund. It provided, in relevant part:

> There is hereby established a special fund in the State Treasury, separate and apart from all other public moneys or funds of this Commonwealth, to be known as the Workmen's Compensation Supersedeas Fund. The purpose of this fund shall be to provide moneys for payments pursuant to subsection (a), to include reimbursement to the Commonwealth for any such payments made from general revenues. The department shall be charged with the maintenance and conservation of this fund. The fund shall be maintained by annual assessments on insurers and self-insurers under this act, including the State Workmen's Insurance Fund.

Under this provision, the Department of Labor & Industry, Bureau of Workers' Compensation was charged with being the conservator of the Fund and assessor of employers to reimburse a specific employer when a supersedeas was denied, but later the employer was ultimately successful on the underlying claim. The reason behind the General Assembly's establishment of the Fund has been explained as follows:

The Supersedeas Fund was created in 1972 at the same time the legislature abolished the traditional practice of employers unilaterally stopping the payment of compensation with the simple legal device of filing a termination or suspension petition. While a "unilateral supersedeas" remained in certain specific contests, for the first time an employer in most contests was required to continue payments of compensation until relieved by referee order from doing so. The Fund was established as something of a *quid pro quo for employers to compensate for the deprivation of this "automatic supersedeas" through petition filing.* (Emphasis added.)

7 D. Torrey & A. Greenberg, Workers' Compensation Law and Practice § 11.1 (2008).

To obtain reimbursement from the Fund, an employer must meet the requirements set forth in Section 443(a) of the Act, 77 P.S. § 999(a), which provides:

> If, in any case in which a Supersedeas has been *requested and denied* under the provisions of section 413 or section 430, *payments of compensation are made as a result thereof* and upon final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments *shall be reimbursed* therefore. (Emphasis added.)

The question in this case is what is meant by payments of compensation that are made as a result of denial of the request for supersedeas.

Whether a payment is made due to denial of the supersedeas is determined by whether an employer would have been obligated to pay the medical expenses if the supersedeas request had been granted.

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2708.

2. Added by the Act of February 8, 1972, P.L. 25.

The grant of a supersedeas only relieves an employer of making payments from the day it was granted; it does not authorize the recoupment of any payments made before that date. In this case, if Employer's request had been granted (or even if an automatic supersedeas was still available), Employer would still have been obligated to pay medical expenses incurred three months before it filed its request. Because Employer would have been obligated to pay those medical bills if the supersedeas had been granted, the payments made could not have been made as the result of the denial of its request for supersedeas, a requirement under Section 443(a) of the Act to receive reimbursement from the Fund.

This outcome is in accord with our holding in *Robb, Leonard and Mulvihill v. Workers' Compensation Appeal Board (Hooper)*, 746 A.2d 1175 (Pa.Cmwlth.2000), where we held that "it is settled law that reimbursement under Section 443 is appropriate only for the period following the date on which the request for a Supersedeas was filed," *Hooper*, 746 A.2d at 1180, albeit in the context of indemnity benefits. However, because "compensation" as used in Section 443 includes both medical and indemnity benefits, *Insurance Company of North America v. Workmen's Compensation Appeal Board (Kline and Packard Press)*, 137 Pa.Cmwlth. 393, 586 A.2d 500 (1991), it would be inconsistent to treat medical bills differently than indemnity benefits and allow reimbursement from the Fund.

Moreover, it eliminates the vagary that occurs under the employer's view that if medical services are provided on the same date to two claimants, and one provider submits the bill before the supersedeas is filed and the other after, one would be paid and the other would not. Just as we have a bright line for indemnity benefits, only

medical benefits that are incurred after the supersedeas request is filed are reimbursable from the Fund.

Accordingly, for the above reasons, I would reverse the Board.

Judge FRIEDMAN joins in this dissenting opinion.