HENKELS & McCOY, INC. and
Liberty Mutual Insurance
Company, Petitioners

v.

WORKERS' COMPENSATION
APPEAL BOARD (BARNER),
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 6, 2009.
Decided April 15, 2009.

Stewart A. Karn, Pittsburgh, for petitioners.

Jennifer M. Irvin, Asst. Counsel, Pittsburgh and Thomas J. Kuzma, Deputy Chief Counsel, Harrisburg, for respondent, Bureau of Workers' Compensation.

BEFORE: SMITH–RIBNER, Judge, and COHN JUBELIRER, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Henkels & McCoy (Employer) and its workers' compensation Insurer Liberty Mutual Insurance Company (Insurer) (together, Petitioners), petition for review of the order of the Workers' Compensation Appeal Board (Board) affirming the Workers' Compensation Judge's (WCJ) decision to limit reimbursement from the Supersedeas Fund (Fund) to Petitioners under the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708. They contend that the WCJ erred as a matter of law in denying reimbursement for the payment of retroactive benefits paid to Richard Barner (Claimant).

Claimant suffered a fractured left foot on February 19, 2001 during the course of his employment as an over-the-road truck

driver for Employer, which commenced total disability payments by way of a notice of compensation payable. Claimant returned to work on September 11, 2001 at no loss of earnings. Insurer suspended benefits as of that date, believing that Claimant signed a supplemental agreement. On March 8, 2005, Claimant filed a petition for penalties alleging that Petitioners illegally suspended benefits and that he had been laid off by Employer. Unable to locate a signed supplemental agreement, Insurer voluntarily resumed weekly benefits on April 12, 2005. Thereafter, Insurer learned that Claimant had been fired on September 13, 2001 for failing a mandatory drug test. On June 30, 2005, Petitioners filed a petition to suspend benefits as of September 11, 2001 and a request for supersedeas based on Claimant's return to work at no loss in earnings and on his discharge for cause. WCJ Mullen declined to consolidate the petitions and supersedeas was denied July 15, 2005. On August 23 Insurer paid benefits from September 13, 2001 through April 12, 2005, when benefits were reinstated.

On September 20, 2005, WCJ Mullen granted the penalty petition and imposed a 50 percent penalty along with attorney's fees for unreasonable contest. Petitioners appealed to the Board and requested supersedeas as to the penalties and attorney's fees. The Board remanded the penalty petition for the WCJ to amend it to a petition for a compromise and release.[1]

By decision and order circulated on August 18, 2006, WCJ Mullen granted the suspension petition as of September 11, 2001, noting that Claimant had returned to work at wages greater or equal to his pre-injury wage and that he had been discharged September 13, 2001 for violating Employer's drug policies. Petitioners sought reimbursement from the Fund in the amount of $95,453.64, representing all disability payments made to Claimant from the date of the request for supersedeas on June 30, 2005 through the granting of the suspension petition on August 18, 2006.[2] This sum included retroactive payments made on August 23, 2005 to cover the period of benefits due from September 13, 2001 through April 12, 2005. The Bureau of Workers' Compensation offered reimbursement of $26,248.59 to Insurer, including benefits paid from the date of its request until suspension was granted but excluding the retroactive payments.

The matter was brought before WCJ Bloom who found that Employer had stopped paying benefits to Claimant without filing a supplemental agreement or a petition for suspension/termination and did not resume paying benefits until ordered to do so by WCJ Mullen. WCJ Bloom then concluded that under *Robb, Leonard & Mulvihill v. Workers' Compensation Appeal Board (Hooper)*, 746 A.2d 1175 (Pa.Cmwlth.2000), "retroactive payments made after [Petitioners were] found to be

---

1. The parties entered into a C & R Agreement for a lump-sum payment of $50,000 to cover all future benefits, both wage loss and medical. WCJ Mullen issued a decision and order approving the agreement, finding that it disposed of all issues related to the penalty petition.

2. The request was made pursuant to Section 443(a) of the Act, added by Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 999(a), which provides in relevant part:

(a) If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 [77 P.S. § 771–774] or section 430 [77 P.S. § 971(a)], payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor.

in violation of the Act are not reimbursable from the Fund." WCJ's Decision at 3. WCJ Bloom noted that in *Hooper* the employer unilaterally stopped benefits after the claimant retired and that the employer initially was ordered to repay benefits retroactively. Thereafter, its petition to modify/suspend was granted and reimbursement was approved for all benefits paid. On appeal, however, the Board and the Court held that the employer was not entitled to reimbursement for the period during which benefits had been unilaterally halted because it would encourage conduct that violated the Act.

WCJ Bloom rejected any reliance on *Mark v. Workers' Compensation Appeal Board (McCurdy)*, 894 A.2d 229 (Pa. Cmwlth.2006), because that case did not involve supersedeas sought pursuant to Section 413 of the Act.[3] The Court held there that retroactive payments can be reimbursed in some situations. The WCJ noted that the Court in *McCurdy* made it clear that it did not overrule Section 413 cases where reimbursement was denied after an improper cessation of benefits. The WCJ found in favor of the Bureau; the Board agreed that *Hooper* precludes reimbursement of retroactive payments in Section 413 cases and explained:

> Here, at the time that [Employer] discharged Claimant, there was no signed supplemental agreement in effect suspending benefits. Moreover, [Petitioners] did not file a suspension petition until Claimant initiated penalty litigation much later. Regardless of any alleged good-faith mistakes, [Petitioners] ceased payment without authorization, in violation of the Act. . . . This violation exists regardless of the fact that compensation was ultimately determined to be not payable. (Citation omitted.)

Board Decision at 9, R.R. at 43a. The Board determined that Insurer's lump-sum payment was not attributable to a denial of supersedeas under Section 443(a), 77 P.S. § 999(a), but rather to the wrongful cessation of benefits before the litigation.[4]

Petitioners argue that WCJ Bloom and the Board erred in applying *Hooper* to the facts of this case to deny reimbursement. They cite *McCurdy* and *Bureau of Workers' Compensation v. Workers' Compensation Appeal Board (Consolidated Freightways)*, 876 A.2d 1069 (Pa.Cmwlth.2005), as evidencing that this Court has retreated from its broad holding in *Hooper* and now

---

3. Section 413 of the Act, 77 P.S. § 772, provides in pertinent part that:

    A workers' compensation judge designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its [WCJ], upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased. . . .

    The request in *McCurdy* was under Section 430 of the Act, 77 P.S. § 971, which states:
    (a) The lien of any judgment entered upon any award shall not be divested by any appeal.
    (b) Any insurer or employer who terminates, decreases or refuses to make any payment provided for in the decision without filing a petition and being granted a supersedeas shall be subject to a penalty as provided in section 435 [77 P.S. § 991], except in the case of payments terminated as provided in section 434 [77 P.S. § 1001].

4. The Court's review is limited to determining whether constitutional rights were violated, an error of law was committed, a practice or procedure of the Board was not followed or whether the findings of fact are not supported by substantial evidence in the record. *J.P. Lamb Constr., Inc. v. Workers' Compensation Appeal Board (Bureau of Workers' Compensation)*, 909 A.2d 18 (Pa.Cmwlth.2006). The Court's review of a question of law is plenary. *Id.*

allows reimbursement for retroactive payments when benefits have been wrongly reinstated. Petitioners note that in *Hooper* the employer made retroactive payment only after being ordered to do so by the WCJ and also admitted that penalties had been properly assessed against it. Insurer in this case made the payment of its own volition after supersedeas was denied but prior to the decision granting the penalty petition. Petitioners have never admitted that penalties were properly assessed; they filed an appeal of the WCJ's decision and have never paid either the penalties or the attorney's fees. Insurer ceased benefit payments because of its good-faith belief that a supplemental agreement was signed when Claimant returned to work on September 11, 2001 with no loss of earnings. Also, Petitioners maintain that Claimant wrongfully obtained benefits from a blameless insurance carrier and that the legislature did not intend for an employer to be foreclosed from recovering benefits paid to a claimant in this situation.

■ The Bureau reiterates that it is statutorily charged with maintenance and conservation of the Fund pursuant to Section 443(b) of the Act, 77 P.S. § 999(b). The Fund was created to enable insurers to recoup certain benefits paid after denial of supersedeas that ultimately are held not payable. Citing *Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Liberty Mutual Ins. Co.),* 113 Pa.Cmwlth. 607, 538 A.2d 587 (1988), the Bureau lists the prerequisites that must be met before reimbursement may be granted. Those prerequisites are as follows: (1) supersedeas must have been requested; (2) the request for supersedeas must have been denied; (3) the request must have been made in a proceeding under Section 413 of the Act; (4) payments were continued because of the order deny-

ing supersedeas; and (5) in the final outcome of the proceedings it is determined that compensation was not, in fact, payable.

■ The Bureau submits that *Hooper* is directly on point and that the WCJ and Board correctly denied reimbursement for the lump-sum payment attributable to a time period during which Petitioners unlawfully halted benefits in violation of the Act. Petitioners attempt to distinguish *Hooper* by claiming they acted in good faith, but the employer in *Hooper* also felt justified in stopping benefits and the Court denied reimbursement after concluding that subjective belief of the employer was irrelevant because "[t]he Act does not give the employer the right of self-help, *i.e.,* the right to ignore the requirements of the Act...." *Hooper,* 746 A.2d at 1182. The Bureau points out that no evidence was offered and no finding was made by the WCJ on the issue of Insurer's good faith. In any event, the Bureau endorses the conclusion stated in *Hooper* that to grant reimbursement under such circumstances could encourage employers and their insurers to cease benefits without following the proper procedures.

Lastly, the Bureau offers that Petitioners' reliance upon *Consolidated Freightways* and *McCurdy* is misplaced as they were cases filed under Section 430 of the Act rather than Section 413 and distinguished between Section 430 cases where the obligation to pay had arisen during the litigation and Section 413 cases where the employer was obligated to pay but had unilaterally stopped. The Court agrees with the Bureau that *Consolidated Freightways* and *McCurdy* are not controlling. In *McCurdy* the employer contested the claim petition and appealed the award of benefits, and it was only after supersedeas was denied that the employer was obligated to make a retroactive pay-

ment of benefits. In *Consolidated Freightways* liability for benefits had been suspended through a signed supplemental agreement and the claimant petitioned for reinstatement for a closed period. He was awarded benefits only after a second appeal to the Board. In each case, the employer had no obligation to pay benefits until ordered to do so.[5]

The facts of this case are in line with *Hooper* where the employer felt justified in ceasing benefits to a retired claimant but failed to follow a prescribed procedure in doing so. As this Court stated in *Hooper*, the proper recourse upon a claimant's return to work and/or termination would have been to file a petition to suspend or terminate benefits along with a request for supersedeas. Petitioners did not follow this course of action and instead halted benefits without an agreement or order in place in direct violation of the Act. The lump-sum payment therefore was not made in response to a denial of supersedeas but rather was made as a result of Insurer's wrongful withholding of benefits in violation of the Act. Thus the Board did not commit an error of law, and the Court accordingly affirms.

## ORDER

AND NOW, this 15th day of April, 2009, the order of the Workers' Compensation Appeal Board is affirmed.

---

5. This case is distinguishable as well from the recent decision in *Department of Labor and Industry Bureau of Workers' Compensation v. Workers' Compensation Appeal Board (Crawford & Company)*, 965 A.2d 332 (Pa.Cmwlth. 2009), where the Court affirmed the Board's order allowing reimbursement to the insurer for payment of medical bills made after supersedeas was denied. The payments related to medical treatment rendered before supersedeas was requested. That case, however, did not involve an employer who unilaterally ceased benefits.